■ In the Matter of DEBRA VV., Individually and as Guardian of SHARAEL R., et al., Petitioner, v JOHN A. JOHNSON, as Commissioner of Children and Family Services, et al., Respondents. [811 NYS2d 457]—

Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Office of Children and Family Services which denied petitioner's application for kinship foster care benefits.

In February 2002, petitioner's sister had legal custody of her daughter, Sharael (born in 1986), and two of her grandchildren, Jahsiah (born in 2000) and Unyiah (born in 2001). The Albany County Department for Children, Youth and Families (hereinafter CYF) sought emergency removal of the children after caseworkers discovered that the children were in the home alone, with Sharael attempting to care for the two younger children herself. Petitioner was then designated as stand-by guardian by her sister, who was hospitalized with a terminal illness but refused to consent to CYF's temporary removal of the children. Instead, counsel for petitioner's sister informed Family Court that she sought to prevent placement of the children with a stranger and hoped to explore voluntary placement with CYF pursuant to the Families in Transition Act of 2000 (see Social Services Law § 131-a, as amended by L 2000, ch 477), which would result in petitioner ultimately caring for the children and receiving kinship foster care benefits. Nevertheless, a CYF caseworker informed petitioner that "there's no such thing" as kinship foster care benefits.

Petitioner then filed for custody and CYF withdrew its application for removal of the children. Family Court granted petitioner permanent custody of the children and, two months later, petitioner again sought benefits. CYF denied the benefits and petitioner ultimately appealed to the Office of Children and Family Services (hereinafter OCFS), seeking both retroactive and prospective benefits. OCFS ruled that no statutory or regulatory authority exists for the issuance of kinship foster

care benefits when the children are not placed in foster care on an emergency basis or otherwise, and rejected petitioner's claims that CYF misled her into applying for custody as lacking credibility. Petitioner then commenced this CPLR article 78 proceeding challenging OCFS's determination[1] and we now annul that determination and remit for further proceedings, as explained below.

The Social Services Law provides that when a custodial parent is terminally ill and identifies a relative who "is able and willing to assume care and custody of the child, but who requires foster care services and financial support thereof . . . , the custodial parent or legal guardian *shall be assisted* by the local social services district in transferring the care and custody of the child to an authorized agency . . . [and] [i]f otherwise qualified, the social services official *shall assist* the person identified to accept care and custody of the child to become certified as a foster parent" (Social Services Law § 384-a [2] [h] [ii] [emphasis added]). Additionally, Administrative Directive 86 ADM-33, issued by the Department of Social Services, states that "[i]n order for relatives to receive reimbursement from a social services official for caring for children, such official must have placed the children in the relative's home, and the home must be certified or approved as a foster home." Here, respondents assert that the denial of benefits was proper because at the time petitioner applied for benefits, CYF had not acquired custody of the subject children and, therefore, could not place them with petitioner—a necessary prerequisite for obtaining benefits. Respondents maintain that petitioner cannot rely upon CYF's caseworker having misinformed her about the existence of such benefits to circumvent the prerequisite of agency custody because "estoppel cannot be invoked against a governmental agency to prevent it from discharging its statutory duties," except in rare instances (*Matter of New York State Med. Transporters Assn. v Perales*, 77 NY2d 126, 130 [1990]).

The flaw in respondents' argument is that it ignores CYF's failure to discharge its statutory duty to "assist . . . [petitioner] to become certified as a foster parent" and to assist her sister in "transferring the care and custody of the child[ren] to an authorized agency" (Social Services Law § 384-a [2] [h] [ii]; *see* 18

1. Inasmuch as CYF has been providing petitioner with monthly benefits since April 2004, petitioner now seeks only retroactive benefits for the period from February 2002 through March 2004. We note that in July 2004, Family Court vacated its order granting petitioner custody of the children and ordered that the children were destitute, and required placement with CYF for, in turn, foster placement with petitioner.

NYCRR 403.2 [indicating that "(s)ocial services districts shall provide pertinent information to applicants for and recipients of financial assistance, medical assistance and social services, and other individuals and groups in the community expressing interest in the availability of services"]). This is not a case in which a petitioner seeks to estop a governmental agency from discharging its statutory duties. Rather, petitioner challenges the agency's refusal to fulfill its statutory obligations in the first instance (*see Matter of Greer v Bane*, 158 Misc 2d 486, 492-496 [1993]). Specifically, despite the affirmative mandate to assist petitioner imposed on the agency by the Legislature in Social Services Law § 384-a (2) (h) (ii), the agency informed her that the benefits she was seeking did not exist.[2] Consistent with this position, at a June 2002 appearance before Family Court in connection with petitioner's request for benefits, CYF informed Family Court that despite the statute, *"Albany County has never recognized kinship foster care."* Further, notwithstanding the existence of a regulation setting forth criteria for the approval of emergency foster homes (*see* 18 NYCRR 427.13), CYF informed counsel for petitioner in writing that "Albany County does not provide emergency kinship foster care benefits because past experience has demonstrated that such arrangements fail when potential foster parents are made aware of the requirements of the certification process necessary to become foster parents."

In short, it is undisputed that prior to her death, petitioner's sister requested that CYF comply with its statutory duty to assist her in voluntarily transferring the children so that they could receive kinship foster care benefits but CYF nevertheless informed petitioner that it did not recognize such benefits. In our view, CYF thereby thwarted petitioner's attempts to meet the statutory prerequisites to obtain such benefits, contrary to the intent of Social Services Law § 384-a (2) (h) (ii) and the statutory duties imposed on the agency therein. In light of CYF's statutory mandate to assist petitioner in becoming a foster parent and obtaining benefits, we conclude that the determination that petitioner was not entitled to benefits simply because CYF failed to place the children with her is irrational (*see Matter of Greer v Bane*, 158 Misc 2d 486, 492-495 [1993], *supra* [holding that given the requirements of Social Services Law § 384-a, an

---

2. Contrary to respondents' argument, the record does not reflect that OCFS rejected petitioner's assertions that CYF's caseworker told her that "there's no such thing" as kinship foster care benefits. Rather, OCFS concluded that the caseworker had not "misled [petitioner] into taking custody of the children."

agency "does not have discretion to abandon any further investigation into the needs of the child for foster placement once it locates a relative who can be convinced . . . to take in the child"]; *see also Matter of Williams v Glass*, 245 AD2d 66, 67-68 [1997] [stating that where the agency's own neglect in filing necessary documents causes placement in agency custody to lapse, agency is not relieved from its responsibility to pay foster care benefits]; *Matter of Rodriguez v Johnson*, 2 Misc 3d 1003[A] [2004] [same]).

As respondents assert, however, there may have been additional impediments to petitioner's eligibility for benefits during the time period at issue. In particular, petitioner was the subject of an indicated report from the state Central Register of Child Abuse and Maltreatment (*see Matter of Debra VV. v Johnson*, 20 AD3d 758 [2005]) and, in October 2002, she was removed from a required training class for absenteeism and failure to participate. Moreover, it is unclear whether there was ever an "emergency situation" requiring emergency benefits. Accordingly, remittal is required to permit OCFS to determine whether, during the time period at issue, petitioner was "otherwise qualified" to become certified as a foster parent and receive benefits, emergency or otherwise (Social Services Law § 384-a [2] [h] [ii]; *see Matter of Greer v Bane, supra* at 496). Petitioner's remaining arguments have either been waived, are academic in light of our decision, or are otherwise lacking in merit.

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to the Office of Children and Family Services for further proceedings not inconsistent with this Court's decision.

