■ In the Matter of RIBYA BB., Petitioner, v BRIAN WING, as Commissioner of the New York State Department of Social Services, Respondent. [663 NYS2d 417] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's request to have her name expunged from the State Central Register of Child Abuse and Maltreatment.

Petitioner is the mother of a severely disabled and autistic child in need of constant supervision. In November 1994, when the child was six years old, petitioner engaged a caregiver from a local charitable organization to take care of the child in the mornings before school while petitioner was at work. On three occasions within one week petitioner allegedly left her child alone in her apartment before the caregiver arrived, which resulted in an indicated report of child maltreatment on the State Central Register of Child Abuse and Maltreatment (hereinafter Central Register). Petitioner later claimed that her cousin was staying at her apartment watching the child during the times in question and requested that her name be expunged from the Central Register. An administrative review was conducted and it was concluded that there was "some credible evidence as well as a fair preponderance" of evidence supporting the finding of maltreatment; petitioner's request was denied.

A subsequent expungement hearing was held pursuant to Social Services Law § 422 before an Administrative Law Judge (hereinafter ALJ) at which testimony was heard from a child protective caseworker from the Albany County Department of Social Services, petitioner, a neighbor of petitioner and the cousin. The child protective worker testified that the source of his knowledge of petitioner's alleged acts of maltreatment was not firsthand but from a phone conversation he had with the

supervisor of the caregiver, in which the supervisor reported to him that the basis of her knowledge was a report from the caregiver that petitioner had left the child alone on three specific occasions. Neither the caregiver nor her supervisor testified at the hearing. The ALJ found petitioner's testimony and her cousin's testimony to be lacking in credibility, and concluded that maltreatment had been established by some credible evidence and by a preponderance of the evidence. Thereafter, petitioner's expungement request was denied by respondent; she then commenced this proceeding to annul that determination.

We confirm. In our view, the record contains sufficient substantial evidence to support respondent's determination (*see,* CPLR 7803 [4]). It is well settled that an administrative agency's determination will not be disturbed so long as it is supported by substantial evidence (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 179-181; *Matter of Golden v Department of Social Servs.,* 155 AD2d 853). Moreover, where there are two conflicting accounts of events, it is not within this Court's discretion to weigh conflicting testimony or substitute its own judgment for that of the administrative finder of fact, even if a contrary result is viable (*see, Matter of Kenneth VV. v Wing,* 235 AD2d 1007, 1009-1010; *see also, Matter of Berenhaus v Ward,* 70 NY2d 436, 444). Significantly, hearsay is admissible in expungement hearings and, "if sufficiently relevant and probative, may constitute substantial evidence to support the underlying determination" (*Matter of Robert OO. v Dowling,* 217 AD2d 785, 786, *affd* 87 NY2d 1043; *see, Prevost v New York State Dept. of Social Servs.,* 161 AD2d 934, 935; *see also, People ex rel. Vega v Smith,* 66 NY2d 130, 139; *Matter of Di Maria v Ross,* 52 NY2d 771, 772).

Upon our review of the record, we conclude that the double hearsay evidence introduced at the hearing was sufficiently relevant and probative to the inquiry of whether petitioner left the child unattended on the dates in question (*see, Matter of Kenneth VV. v Wing, supra,* at 1009-1010; *see also, Matter of Robert OO. v Dowling, supra,* at 786; *compare, People v Gonzalez,* 80 NY2d 883). Petitioner admitted at the hearing that she left her apartment on all three occasions before the caregiver arrived; notably, it was only after the indicated report was made that she claimed her cousin was in the apartment. Petitioner's cousin was unable to confirm the dates he was allegedly at petitioner's apartment, and his testimony regarding the time petitioner left for work and the physical layout of the apartment was inconsistent with petitioner's testimony. This

evidence, coupled with petitioner's admission that the caregiver was always late thereby causing petitioner problems at work, including a suspension, could lead to the rational inference that petitioner had left the child unattended on these occasions to avoid being late for work.

We also reject, as lacking in merit, petitioner's contention that her alleged acts of maltreatment are not reasonably related to the employment of petitioner in the child-care treatment field as found by respondent (see, Social Services Law § 422 [8] [c] [ii]). Petitioner admitted that she knew her child was severely disabled and autistic and could never be left unattended, yet she was proven to have done so on at least three occasions. We further conclude that the determinations of maltreatment are also reasonably relevant in any future adoption or foster care decisions regarding petitioner (see generally, Matter of Lee TT. v Dowling, 87 NY2d 699).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.