■ In the Matter of STEVEN A., Petitioner, v NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES, Respondent. [762 NYS2d 672] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's request to have his name expunged from the Statewide Central Register of Child Abuse and Maltreatment.

On November 7, 1998, petitioner's then 12-year-old son broke open a locked safe at his family's residence and removed a .22 caliber handgun, ammunition and several thousand dollars in cash. After locating the key to the gun's trigger lock, petitioner's son displayed the gun to his babysitter and fired a single shot into a second-story porch. Upon learning of the incident on November 9, 1998, petitioner regained possession of the gun with the trigger lock in place, removed the bullets and hid the gun under insulation in the attic. On or about November 22, 1998, petitioner took the gun from its hiding place and removed the gun from the home. As a result of petitioner's failure to immediately remove the gun from the residence on November 9, 1998, a report dated December 9, 1998 was made to the Statewide Central Register of Child Abuse and Maltreatment (hereinafter Central Register). Following an investigation by the Saratoga County Department of Social Services, the report was "indicated" (*see* Social Services Law § 412 [12]) for maltreatment based on inadequate guardianship, and petitioner's name was placed on the Central Register.

Upon petitioner's request that the report be amended to reflect that it was unfounded, an administrative hearing was held pursuant to Social Services Law § 422 (8) (b), following which a Hearing Officer concluded, inter alia, that the charges

were supported by a fair preponderance of the evidence and petitioner's expungement request should be denied. Specifically, the Hearing Officer determined that "leaving the gun in the house unsecured, under these circumstances was a failure to exercise a minimum degree of care." Seeking review of the Hearing Officer's determination, petitioner commenced this CPLR article 78 proceeding, and we now annul that determination.

It is well settled that a report of child abuse or maltreatment must, at an administrative expungement hearing, be established by a "fair preponderance of the evidence" (*Matter of Lee TT. v Dowling*, 87 NY2d 699, 712 [1996]; *see Matter of Vincent KK. v State of New York Off. of Children & Family Servs.*, 284 AD2d 777, 777 [2001]). In reviewing this administrative determination "our focus is whether the determination is rational and supported by substantial evidence" (*Matter of Gerald G. v State of New York Dept. of Social Servs.*, 248 AD2d 918, 919 [1998]; *see Matter of Ribya BB. v Wing*, 243 AD2d 1013, 1014 [1997]). In this respect, "[s]ubstantial evidence is established when reasonable minds could adequately accept the conclusion or ultimate fact based on the relevant proof" (*Matter of Kenneth VV. v Wing*, 235 AD2d 1007, 1008 [1997]).

Here, we conclude that the evidence relating to petitioner hiding the gun under insulation in the attic fails to support the indicated report. To establish maltreatment, it must be demonstrated that petitioner's actions impaired or placed in imminent danger his children's physical, mental or emotional condition (*see* 18 NYCRR 432.1 [b] [1]). The uncontroverted evidence demonstrates that when petitioner hid the gun in the attic, he checked the gun for ammunition, ensured that the trigger lock was in place and contemporaneously removed all ammunition from the premises. Absent facts to the contrary, no evidence exists that the gun was operable when petitioner hid it in the attic. Accordingly, it cannot be said, under these circumstances, that petitioner's conduct rose to the level of maltreatment.

Cardona, P.J., Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is annulled, with costs, petition granted, the December 9, 1998 report is unfounded and respondent is directed to seal said report.