■ In the Matter of MATTHEW WW., Petitioner, v JOHN A. JOHNSON, as Commissioner of Children and Family Services, et al., Respondents. [799 NYS2d 594]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred

to this Court by order of the Supreme Court, entered in Delaware County) to review a determination of respondent Commissioner of Children and Family Services which denied petitioner's application to have the report maintained by respondent Central Register of Child Abuse and Maltreatment amended to unfounded and expunged.

Petitioner is the father of twin daughters, Annie and Katie (born in 1996). He and the girls' mother divorced in 2000 and retained joint custody of them, with physical custody to the mother. They now maintain separate households in the same neighborhood on residential lots that adjoin at the back corner. On September 4, 2001, when the twins were just under five years old, petitioner allowed Katie to go outside and play on a swing set located in her mother's back yard. At that time, the mother was not home but her 16-year-old daughter—Katie's half-sister—was at home, inside the house. To reach the swing set, Katie had to walk approximately 150 feet through petitioner's back yard along a picket fence which separated the back yard from another neighboring property. Petitioner remained inside his house with the other twin and their then nine-year-old sister, but stated that he checked on Katie through the back-door window approximately every 10 to 15 minutes. While playing on the swing set, Katie fell and injured her knee. Hearing Katie crying, a neighbor came out and stayed with her about 10 minutes, at which point Katie's mother arrived home.

On September 29, 2001, believing—but not confirming—that either the mother or the 16-year-old half-sister was at home, petitioner allowed the twin girls to walk through the back yard to their mother's house. In fact, the 16-year-old was at home, but the mother was not. When the mother arrived home at some point thereafter, she found Annie playing outside in the front yard unattended.

Based on these incidents, a report was made to the Central Register of Child Abuse and Maltreatment. Following an investigation by the Delaware County Department of Social Services, the report was "indicated" for maltreatment based on inadequate supervision, and petitioner's name was placed on the Central Register. Petitioner requested administrative review, after which the Office of Children and Family Services concluded, among other things, that the charge was supported by a fair preponderance of the evidence. Petitioner then requested an administrative hearing pursuant to Social Services Law § 422 (8) (b). Following the hearing, the Administrative Law Judge sustained the determination that petitioner was guilty of

maltreatment. Petitioner then commenced the instant CPLR article 78 proceeding,* and we now annul that determination.

To establish maltreatment, it was necessary to demonstrate, by a fair preponderance of the evidence, that petitioner "did not exercise a minimum degree of care and that, as a result, the child's physical, mental or emotional condition was impaired or in imminent danger of being impaired" (*Matter of James HH.*, 234 AD2d 783, 783-784 [1996], *lv denied* 89 NY2d 812 [1997]; *see Matter of Steven A. v New York State Off. of Children & Family Servs.*, 307 AD2d 434, 435 [2003]). Certainly, situations occur where permitting a young child to play unsupervised will give rise to a finding of maltreatment (*see e.g. Matter of Brown v Johnson*, 294 AD2d 241, 241 [2002], *lv denied* 99 NY2d 509 [2003] [four-year-old left unsupervised in a room where dangerous medication was accessible]; *Matter of James HH., supra* at 784 [one-year-old left alone in a room with a kerosene heater]). We conclude, however, that under the particular facts of this case, the evidence is insufficient to support a finding of maltreatment against petitioner.

While we do not condone petitioner's actions in allowing his kindergarten-aged children to walk, unsupervised, through his yard to that of his ex-wife without first confirming that a responsible individual at home is aware that they are coming, we note that the record is devoid of evidence contradicting his claim that he had a reasonable belief that, on both occasions, his 16-year-old step-daughter was present in his ex-wife's home. Likewise, his action in allowing Katie to play alone outside is somewhat less egregious given his uncontradicted assertion that he checked on her every 10 to 15 minutes. Further, the physical setting of the alleged wrongdoing supports petitioner's claim that his actions did not place them in imminent danger, in that they had to travel only approximately 150 feet through his back yard and not along any public road to reach his ex-wife's house. Indeed, there is absolutely no finding in the decision of the Administrative Law Judge as to what occurred on September 29, 2001 that amounted to maltreatment other than petitioner sending Annie to her mother's home through the back yard without first calling to confirm that someone was home. Given these circumstances, and based only on the two incidents alleged, we conclude that insufficient evidence exists to support the conclusion that petitioner's actions fell below a minimum degree of care and placed the girls in imminent danger of harm (*see Matter of Steven A. v New York State Off. of Children & Family Servs., supra* at 435).

* Notably, the Delaware County Department of Social Services does not oppose petitioner's request to amend the report to unfounded and expunged.

Cardona, P.J., Peters and Carpinello, JJ., concur. Adjudged that the determination is annulled, without costs, and petition granted.