■ In the Matter of DEBRA VV., Petitioner, v JOHN JOHNSON, as Commissioner of Children and Family Services, et al., Respondents. [798 NYS2d 264]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Children and Family Services which denied petitioner's application to have a report maintained by respondent Central Register of Child Abuse and Maltreatment amended to unfounded and expunged.

Petitioner obtained custody of her then 15-year-old niece (hereinafter the mother) and three-month-old grandniece (hereinafter the child) in March 2002, upon the death of petitioner's sister. In November 2002, after an investigation of a charge that petitioner maltreated the child by providing inadequate guardianship, the Rensselaer County Department of Social Services determined that the charge was substantiated and filed an indicated report with the Central Register of Child Abuse and Maltreatment. Petitioner thereafter requested that the report be amended to reflect that it was unfounded. Following a hearing, respondent Commissioner of Children and Family Services (hereinafter respondent) determined that the maltreatment charge was supported by a fair preponderance of the evidence, and was relevant and reasonably related to child care issues. Petitioner then commenced this CPLR article 78 proceeding challenging respondent's determination.

We confirm. A finding of maltreatment is warranted when it

is established, among other things, that the petitioner's failure to provide the child at issue with proper supervision or guardianship impaired or placed in imminent danger of impairment the child's physical, mental or emotional condition (*see* 18 NYCRR 432.1 [b] [1] [ii]). Here, the record indicates that petitioner left the seven-month-old child with the child's 15-year-old father—a virtual stranger—without taking any steps to ensure that the visit would be supervised and in a public place, as recommended by the Department of Social Services. Moreover, despite petitioner's written agreement that she would personally supervise any contact between the child and the mother, petitioner's actions in leaving the child with the father put the child at risk of unsupervised contact with the mother. Indeed, although petitioner claims that she told the father that the mother was not to have contact with the child, she did not inform anyone else at the father's residence of this restriction and the mother ultimately entered the residence, took the child and ran away with her, leading to the father's sexual abuse of the child once the parents were reunited.* Under the circumstances, substantial evidence exists to support respondent's determination that petitioner maltreated the child by providing inadequate guardianship and that the maltreatment is relevant and reasonably related to any future child care employment, adoption or foster care decisions regarding petitioner (*see Matter of Ribya BB. v Wing*, 243 AD2d 1013, 1014-1015 [1997]; *cf. Matter of Steven A. v New York State Off. of Children & Family Servs.*, 307 AD2d 434, 435 [2003]). Petitioner's remaining contentions, including her objection to respondent's reliance upon double hearsay evidence, are either unpreserved or, upon review, have been found to be either lacking in merit (*see Matter of Ribya BB. v Wing, supra* at 1014) or unsupported by the record.

Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* We note that respondent expressly determined that the injuries suffered by the child as a result of the father's abuse were not caused by petitioner's actions. Instead, the basis for the maltreatment charge at issue was evidence that petitioner placed the child in imminent danger of harm by leaving her with the father, a minor whom she did not know, in circumstances where it was likely that the mother would be present, and without any instructions to a responsible adult regarding the visitation restrictions to which petitioner had agreed.