■ In the Matter of STEPHEN C., Petitioner, v JOHN A. JOHNSON, as Commissioner of Children and Family Services, et al., Respondents. [834 NYS2d 346]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Office of Children and Family Services which denied petitioner's application to have a report maintained by the Central Register of Child Abuse and Maltreatment amended to be unfounded and expunged.

Petitioner is the father of a girl and a boy, who at the time relevant herein were ages six and five, respectively. On August 13, 2003, respondent Schenectady County Department of Social

Services received a hotline report that petitioner's children had been left home alone. A similar report had been made within the prior three months. The day after receiving the report, two caseworkers went to petitioner's home, located on 19 acres in the Town of Niskayuna, Schenectady County, to investigate. When the caseworkers arrived, they discovered the children alone in the house. In addition to parking their car in the driveway, the caseworkers rang the doorbell, walked around the house, saw the children in the house and conversed with the children by speaking loudly enough for them to hear through a window. All of this occurred without attracting petitioner's attention. The caseworkers reportedly waited at the house up to 30 minutes before petitioner and a contractor (who was there to discuss a work project) were seen walking about 50 yards from the house.

Based on the caseworkers' observations, a report was "indicated" for maltreatment by petitioner of his son for lack of supervision and inadequate guardianship. Petitioner's name was placed in the Central Register of Child Abuse and Maltreatment. He requested the report be amended to unfounded. The Office of Children and Family Services determined that the report was supported and, following a hearing, an Administrative Law Judge denied petitioner's request to amend the report to unfounded and seal the record. This proceeding ensued.

"To establish that maltreatment occurred, the agency must show that the child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the parent's failure to exercise a minimum degree of care" (*Matter of Tonette E. v New York State Off. of Children & Family Servs.*, 25 AD3d 994, 995 [2006] [citations omitted]; *see* 18 NYCRR 432.1 [b] [1]). At the agency hearing, this showing must be made by a fair preponderance of the evidence (*see Matter of Matthew WW. v Johnson*, 20 AD3d 669, 671 [2005]) and, upon our review, we consider whether the administrative determination is supported by substantial evidence (*see Matter of Steven A. v New York State Off. of Children & Family Servs.*, 307 AD2d 434, 435 [2003]). If substantial evidence is present in the record, "this Court cannot substitute its own judgment for that of the administrative agency, even if a contrary result is viable" (*Matter of Kenneth VV. v Wing*, 235 AD2d 1007, 1009 [1997]).

Here, there was proof that the young children were left alone by petitioner with no way of communicating with him for up to 30 minutes. Although petitioner contended that he had visual contact with the house at all times, the Administrative Law

Judge found this testimony not credible, and we discern no reason to reject that credibility determination (*see Matter of Jeannette LL. v Johnson*, 2 AD3d 1261, 1263 [2003]). Indeed, without being seen or heard by petitioner, the caseworkers drove up the driveway, walked around the house and spoke in loud voices to the children. They also noted that the house was unlocked. Petitioner acknowledged a previous occasion only a few months earlier where he departed the premises in a vehicle while leaving his son alone. The record contains substantial evidence supporting the determination of the Office of Children and Family Services.

The remaining issues have been considered and found unavailing.

Crew III, J.P., Peters, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.