■ In the Matter of SUSAN XX., Petitioner, v TIOGA COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [902 NYS2d 245]—

Kavanagh, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Tompkins County) to review a determination of respondent Office of Children and Family Services which denied petitioner's request to amend and seal an indicated report of child maltreatment.

In June 2008, a report was received by the State Central Register of Child Abuse and Maltreatment which, upon investigation, was found to indicate that petitioner had maltreated her two infant children (born in 2006 and 2007). Pursuant to Social Services Law § 422 (8) (a) (i), petitioner requested that the report be amended with a finding being entered that the allegation of maltreatment was unfounded (see Social Services Law § 422 [8] [a] [iii]). Upon denial of that application, petitioner requested a fair hearing (see Social Services Law § 422 [8] [b]) and, after completion of the hearing before an administrative law judge, respondent Office of Children and Family Services issued a determination denying petitioner's request to amend or seal the report, but directed that it not be disseminated to outside agencies (see Social Services Law § 422 [8] [c] [ii]). Petitioner thereafter commenced this CPLR article 78 proceeding challenging the determination that the report of maltreatment was indicated as not being supported by substantial evidence. Given that the issue to be decided in this proceeding is whether that determination was supported by substantial evidence, Supreme Court transferred the proceeding to this Court (see CPLR 7804 [g]).

Our review of a finding that a child has been maltreated is limited to whether substantial evidence exists establishing that "the child's physical, mental or emotional condition has been

impaired or is in imminent danger of becoming impaired as a result of the parent's failure to exercise a minimum degree of care" (*Matter of Tonette E. v New York State Off. of Children & Family Servs.*, 25 AD3d 994, 995 [2006]; *see* 18 NYCRR 432.1 [b] [1] [ii]; *Matter of Washington v New York State Off. of Children & Family Servs.*, 55 AD3d 1117, 1118 [2008]; *Matter of Matthew WW. v Johnson*, 20 AD3d 669, 671 [2005]; *Matter of Steven A. v New York State Off. of Children & Family Servs.*, 307 AD2d 434, 435 [2003]; *see also Matter of Mangus v Niagara County Dept. of Social Servs.*, 68 AD3d 1774, 1774-1775 [2009]; *Matter of Hattie G. v Monroe County Dept. of Social Servs., Children's Servs. Unit*, 48 AD3d 1292, 1293 [2008]). Here, the underlying facts are not in dispute. Petitioner, at about 9:00 P.M., left her two infant children asleep and unsupervised in her parked, but idling, automobile while she went into a nearby store. A passerby noticed the children alone in the van and contacted the police. A deputy sheriff was dispatched to the scene and, when he arrived, found the car locked, the engine idling, and the two children asleep inside the vehicle secured in child safety seats. After not being able to obtain the telephone number of the registered owner of the vehicle, the deputy waited by the automobile for approximately 20 minutes before petitioner exited the store and approached the vehicle carrying packages.*

Petitioner acknowledged that it was a poor decision to leave her children alone in a parked vehicle, but explained that when she arrived at the store they had fallen asleep and she did not want to wake them. She stated that she only decided to leave the children alone in the locked vehicle after insuring that they were securely fastened in their child safety seats and were, in her opinion, in no danger. Petitioner stated that she left the engine running to keep the vehicle air conditioned and parked it in a location where she could observe it while she was inside the store. Petitioner argues that, given these facts, the children were not in any imminent danger and the finding that she failed to provide them with a minimum degree of care is not supported by substantial evidence. We disagree.

Leaving two small children alone and unattended for a substantial period of time in a locked car with its engine running is so inherently dangerous that it necessarily carries with it a significant risk that the children might come to some harm. Moreover, petitioner does not explain why, if she was able to see

---

* Petitioner was allowed to leave the scene with the children and, while an appearance ticket was subsequently issued charging her with endangering the welfare of a child, that charge has been dismissed.

the car from inside the store, it took her 20 minutes to exit the premises after the deputy sheriff arrived on the scene in a police car and waited by her vehicle. While petitioner appears by all accounts to be a loving mother, and personal circumstances may well account for what was undoubtedly a lapse in good judgment, we cannot on this record say that the determination of the Office of Children and Family Services denying her request to amend and seal this report is not supported by substantial evidence.

Mercure, J.P., Spain, Lahtinen and Malone Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.