In the Matter of CHRISTINE Y., Petitioner, v GLADYS CARRION, as Commissioner of Children and Family Services, et al., Respondents. [904 NYS2d 808]—

Egan Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Saratoga County) to review a determination of the Office of Children and Family Services which denied petitioner's application to have a report maintained by respondent Central Register of Child Abuse and Maltreatment amended to be unfounded and expunged.

In 2007, petitioner and her three-year-old son attended a party at her boyfriend's house. Intending to stay the night, petitioner consumed alcohol. After midnight, her son awoke and became disruptive, and her boyfriend angrily ordered her to take her son elsewhere. She elected to drive home with her son and, after a State Trooper observed her swerving, she was pulled over, found to have a blood alcohol concentration of .09%, and ultimately pleaded guilty to a charge of driving while ability impaired. A hotline report was also made regarding the incident. Following an investigation by the Saratoga County Department of Social Services, the report was marked "indicated" for maltreatment and filed with respondent Central Register of Child Abuse and Maltreatment. After a hearing, the Office of Children and Family Services denied petitioner's request to amend the report to "unfounded" and this CPLR article 78 proceeding resulted.

Maltreatment occurs where a child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care . . . in providing [him or her] with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (18 NYCRR 432.1 [b] [1]; *see Matter of Washington v New York State Off. of Children & Family Servs.,* 55 AD3d 1117, 1118 [2008]; *Matter of Stephen C. v Johnson,* 39 AD3d 932, 933 [2007], *lv denied* 9 NY3d 804 [2007]). If the agency's determination that maltreatment occurred is supported by substantial evidence, this Court must confirm it, even if a different result could also be supported by the record (*see Mat-*

ter of *Stephen C. v Johnson*, 39 AD3d at 933). Here, petitioner failed to properly care for her son, and placed him in imminent danger of physical injury when she attempted to drive him home while her ability to do so was impaired by alcohol (*see Matter of Megan G.*, 291 AD2d 636, 639 [2002]; *Matter of Katie R.*, 251 AD2d 698, 700 [1998], *lv denied* 92 NY2d 809 [1998]). Thus, the administrative determination is supported by substantial evidence.

Cardona, P.J., Peters, Spain and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.