■ In the Matter of ANNE FF., Petitioner, v NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES et al., Respondents. [924 NYS2d 645]—

Peters, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Office of Children and Family Services which denied petitioner's application to have a report maintained by respondent Central

Register of Child Abuse and Maltreatment amended to be unfounded and expunged.

Petitioner was employed part time at a day-care center in the City of Albany. As a member of its relief staff, petitioner would be assigned to various classrooms on any given day based upon need. On October 9, 2008, petitioner was assigned to the "red room" where she was supervising four three-year-old children. As was typical, the students in petitioner's class joined with those in the "green room" to play outside on the fenced-in playground. Pursuant to the day-care center rules, petitioner conducted a head count, which was documented on a transition sheet, both when her group left the classroom and upon arriving at the playground. After playing for approximately 10 minutes, one of the children had a bathroom-related emergency and, since protocol required two employees to be present at the playground at all times, petitioner and the green room teacher quickly gathered the children to go inside. Petitioner did not conduct a head count of her students upon leaving the playground, inadvertently leaving one of the children behind. Upon entering the facility, one of petitioner's students became upset upon seeing his mother at a distance and began running towards her, causing petitioner to chase after the child and bring him to his mother in an effort to calm him down. Petitioner then immediately returned to the classroom, conducted a head count and realized that one child had been left on the playground. Petitioner rushed to the playground and found the child unharmed in the care of another employee.

After petitioner reported the incident to her supervisors and the child's parents, the day-care center reported the incident to Albany County Child Protective Services. Following an investigation, a report was "indicated" for maltreatment and filed with respondent Central Register of Child Abuse and Maltreatment. Upon petitioner's request that the report be amended to unfounded, respondent Office of Children and Family Services determined that the report was supported by a fair preponderance of the evidence and scheduled an administrative hearing pursuant to Social Services Law § 422 (8). Following that hearing, an Administrative Law Judge sustained the finding of maltreatment and denied petitioner's request to amend the report. Petitioner then commenced this CPLR article 78 proceeding.

In order to establish that maltreatment occurred, it was necessary for the agency to demonstrate by a fair preponderance of the evidence that "the child's physical, mental or emotional condition has been impaired or is in imminent danger of becom-

ing impaired as a result of the [caregiver's] failure to exercise a minimum degree of care" (*Matter of Tonette E. v New York State Off. of Children & Family Servs.*, 25 AD3d 994, 995 [2006]; *see* 18 NYCRR 432.1 [b] [1]; *Matter of Stephen C. v Johnson*, 39 AD3d 932, 933 [2007], *lv denied* 9 NY3d 804 [2007]). While, under certain circumstances, leaving a child unattended will give rise to a finding of maltreatment (*see e.g. Matter of Susan XX. v Tioga County Dept. of Social Servs.*, 74 AD3d 1543, 1544-1545 [2010]; *Matter of Stephen C. v Johnson*, 39 AD3d at 933-934; *Matter of Brown v Johnson*, 294 AD2d 241 [2002], *lv denied* 99 NY2d 509 [2003]), we find insufficient evidence on the present record to support a finding of maltreatment against petitioner.

While petitioner admittedly got caught up in the frenzy of rushing the students back into the facility and the emotional outburst of one of her charges and, in so doing, failed to ensure that each child was present and accounted for, there is no dispute that she immediately recognized her oversight upon arriving back to the classroom. The record reveals that the child was left unattended by petitioner for no more than six minutes, at which point petitioner discovered the child physically, mentally and emotionally unharmed in the care of a day-care employee. Notably, there is no evidence that the child was actually unobserved for any portion of that six-minute period during which petitioner was attending to the other children in her care. Moreover, "the physical setting of the alleged wrongdoing supports petitioner's claims that [her] actions did not place [the child] in imminent danger" (*Matter of Matthew WW. v Johnson*, 20 AD3d 669, 671 [2005]). The playground at issue is located at the rear of the building, is not visible from any public thoroughfare, is surrounded on all sides by a chain link fence and is accessible by two gates—both of which lead to the facility—that remain locked at all times. Furthermore, the playground is visible to other trained employees and is subjected to video surveillance. Under the particular facts of this case, we conclude that insufficient evidence exists to support the finding that petitioner's conduct fell below a minimum degree of care and placed the child in imminent danger of harm (*see id.*; *Matter of Steven A. v New York State Off. of Children & Family Servs.*, 307 AD2d 434, 435 [2003]).

Spain, McCarthy, Garry and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, and petition granted.