*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 10, 2014                    517183
_____

In the Matter of CHERYL Z.,
                    Petitioner,

        v

GLADYS CARRION, as                        MEMORANDUM AND JUDGMENT
    Commissioner of Children
    and Family Services,
                    Respondent,
                    et al.,
                    Respondent.
_____

Calendar Date:  May 30, 2014

Before:  Stein, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ.

                    _____


        William E. Montgomery III, Glens Falls, for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (Laura
Etlinger of counsel), for Gladys Carrion, respondent.

                    _____


McCarthy, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Commissioner of Children and
Family Services which denied petitioner's application to have a
report maintained by the Central Register of Child Abuse and
Maltreatment amended to be unfounded and expunged.

        After petitioner called law enforcement because her
grandchild, who was two years and four months old, had wandered
away from her front yard, police officers responded to the
vicinity of petitioner's home and, shortly thereafter, found the

child unharmed and by himself near a parking lot approximately 200 yards from the home. Following an investigation, a report was indicated against petitioner for maltreatment of the child. Petitioner thereafter requested that the Office of Children and Family Services amend the report to unfounded and, upon a denial of her request, an administrative hearing was held pursuant to Social Services Law § 422 (8). At the conclusion of that hearing, the Administrative Law Judge (hereinafter ALJ) sustained the finding of maltreatment and denied petitioner's request to amend and expunge the indicated report. Petitioner then commenced this proceeding.

Substantial evidence supports the finding of maltreatment. In order to establish maltreatment, the agency was required "to demonstrate by a fair preponderance of the evidence that 'the child's physical, mental or emotional condition ha[d] been impaired or [was] in imminent danger of becoming impaired as a result of the [caregiver's] failure to exercise a minimum degree of care'" in providing the child with appropriate supervision (Matter of Anne FF. v New York State Off. of Children & Family Servs., 85 AD3d 1289, 1290-1291 [2011], quoting Matter of Tonette E. v New York State Off. of Children & Family Servs., 25 AD3d 994, 995 [2006]; see 18 NYCRR 432.1 [b] [1] [ii]). Upon review of such an administrative determination, "this Court's inquiry is limited to whether the decision is rational and supported by substantial evidence" (Matter of Kenneth VV. v Wing, 235 AD2d 1007, 1008 [1997]; see Matter of Gerald G. v State of N.Y. Dept. of Social Servs., 248 AD2d 918, 919 [1998]). A determination is supported by substantial evidence "when reasonable minds could adequately accept the conclusion or ultimate fact based on the relevant proof" (Matter of Kenneth VV. v Wing, 235 AD2d at 1008; accord Matter of Steven A. v New York State Off. of Children & Family Servs., 307 AD2d 434, 435 [2003]).

The parties do not dispute that, on the day in question, the child left the front yard while under petitioner's care. Although petitioner's home is at the end of a dead-end street, testimony by respondent Michelle Kelley, a caseworker for the Saratoga County Department of Social Services, and photographs introduced into evidence established that the home also faces a four-lane divided highway with a speed limit ranging from 45 to

55 miles per hour.  Notably, the same evidence showed that there is no fence, or any similar physical barrier, directly between petitioner's front yard and this highway.  Further, according to Kelley's testimony, a police officer who responded to petitioner's request for assistance in locating the child reported that petitioner stated that the child left the front yard during a time when petitioner had briefly gone inside the home, leaving the child alone in the front yard.  Although petitioner testified that she did not tell the police officer that she went inside the home and further testified that she did not in fact do so, the ALJ explicitly credited Kelley's testimony and discredited petitioner's testimony, and there is no reason in the record to reject that credibility determination (see Matter of Stephen C. v Johnson, 39 AD3d 932, 933-934 [2007], lv denied 9 NY3d 804 [2007]; Matter of Jeannette LL. v Johnson, 2 AD3d 1261, 1263 [2003]).  Finally, petitioner's own testimony established that, at the time of the incident, she had known of a previous occasion upon which the child had wandered away from a supervising adult, also prompting law enforcement involvement.  Given the child's young age, his known history of wandering away from supervising adults and the close proximity and accessability of a dangerous roadway, and crediting the testimony that petitioner left the child unattended while she went indoors for a period of time long enough for him to wander from sight, substantial evidence exists to support the determination (see Matter of Archer v Carrion, 117 AD3d 733, 734 [2014]; Matter of Susan XX. v Tioga County Dept. of Social Servs., 74 AD3d 1543, 1544-1545 [2010]; Matter of Stephen C. v Johnson, 39 AD3d at 933-934; Matter of Ribya BB. v Wing, 243 AD2d 1013, 1013-1014 [1997]; cf. Matter of Antonio NN., 28 AD3d 826, 827-828 [2006]; compare Matter of Anne FF. v New York State Off. of Children & Family Servs., 85 AD3d at 1290-1291; Matter of Matthew WW. v Johnson, 20 AD3d 669, 671 [2005]).

Petitioner's contentions regarding certain evidentiary admissions and the ALJ's questioning of her are also without merit.  Generally, this Court will annul an administrative determination based on an erroneous evidentiary ruling "[o]nly in the event that [such a] ruling renders the entire proceeding fundamentally unfair" (Matter of Sunnen v Administrative Rev. Bd. for Professional Med. Conduct, 244 AD2d 790, 792 [1997], lv

denied 92 NY2d 802 [1998]; see Matter of Gonzalez v New York State Dept. of Health, 232 AD2d 886, 889 [1996], lv denied 90 NY2d 801 [1997]). Petitioner's various claims that the ALJ should not have admitted hearsay evidence are unavailing because the record reveals that the hearsay admitted was sufficiently relevant and probative to the maltreatment inquiry and was not unduly prejudicial (see Matter of Bullock v State of N.Y. Dept. of Social Servs., 248 AD2d 380, 382 [1998]; Matter of Ribya BB. v Wing, 243 AD2d at 1014). In addition, contrary to petitioner's arguments regarding the admission of police reports that post-dated the incident at issue, the ALJ determined that such reports were inadmissible. Finally, any error in regard to the admission of a map that may have inaccurately represented the path that the child traveled was not so egregious as to render the entire proceeding unfair, especially given the ample cross-examination on that point by petitioner's counsel (see Matter of Rigle v Daines, 78 AD3d 1249, 1251 [2010], lv dismissed 16 NY3d 825 [2011]). Further, the ALJ's clarifying questions and instructions directed at petitioner during her testimony do not support the argument that the ALJ was biased (see Matter of Taylor v Selsky, 242 AD2d 772, 772-773 [1997]) or that the administrative decision flowed from any alleged bias (see Matter of Harvey v Bradt, 81 AD3d 1003, 1004 [2011]; Matter of Parra v Fischer, 76 AD3d 724, 725 [2010], lv denied 15 NY3d 714 [2010]).

Stein, J.P., Egan Jr., Lynch and Clark, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court