*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 4, 2014                    518066
_____

In the Matter of THERESA WW.
    et al.,
                    Petitioners,

        v                                    MEMORANDUM AND JUDGMENT

NEW YORK STATE OFFICE OF
    CHILDREN AND FAMILY
    SERVICES,
                    Respondent.
_____

Calendar Date:  October 16, 2014

Before:  Lahtinen, J.P., Garry, Egan Jr., Lynch and Devine, JJ.

                    _____


        Scoppetta Seiff Kretz & Abercrombie, New York City (Roland
R. Acevedo of counsel), for petitioners.

        Eric T. Schneiderman, Attorney General, Albany (Allyson B.
Levine of counsel), for respondent.


                    _____


Egan Jr., J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent which partially denied
petitioners' application to have a report maintained by the
Central Register of Child Abuse and Maltreatment amended to be
unfounded and sealed.

        Petitioner Theresa WW. (hereinafter the foster mother) has
been a certified foster parent for 10 years and her husband,
petitioner Walter WW. (hereinafter the foster father), has been a
certified foster parent for nine years.  In August 2011,

petitioners had six foster children placed in their care, including — insofar as is relevant here — a six-year-old girl and her nine-year-old brother.  In October 2011, a report was filed with the Central Register of Child Abuse and Maltreatment alleging, among other things, that the foster mother pulled the arm of the six-year-old girl when the child was reluctant to exit the foster mother's vehicle.  An investigation ensued, during the course of which a child protective services caseworker spoke with five of the six foster children residing in petitioners' home.  As a result of those interviews, certain of the allegations of maltreatment against petitioners were deemed to be substantiated.  Specifically, the allegation of inadequate guardianship against the foster mother was indicated based upon her conduct in pulling the arm of the six-year-old girl and failing to provide adequate supervision to all six foster children.  Additionally, the allegation of inadequate guardianship against the foster father was indicated based upon his conduct in slapping the girl's nine-year-old brother on the head on more than one occasion.[1]

Petitioners thereafter requested that the indicated report against them be amended to be unfounded.  Upon administrative review, that request was denied, and the matter proceeded to a hearing.  At the conclusion of that hearing, at which petitioners and their character witnesses were the sole witnesses to appear and testify, respondent found insufficient evidence to sustain the finding of inadequate guardianship based upon the foster mother's failure to properly supervise all six foster children.  Respondent did, however, find that the remaining allegations against petitioners were established by a fair preponderance of the evidence and, hence, denied the balance of the requested relief.  Petitioners then commenced this proceeding pursuant to CPLR article 78 to challenge respondent's determination.

Although we find no merit to petitioners' various due process claims, we nonetheless are persuaded that the underlying determination must be annulled.  In order to establish

---

[1]  As foster parents, petitioners were prohibited from utilizing corporal punishment as a method of disciplining their foster children (see 18 NYCRR 441.9 [c]).

maltreatment, the agency must demonstrate — by a fair preponderance of the evidence — that the child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her caregiver] . . . to exercise a minimum degree of care . . . in providing [him or her] with proper supervision or guardianship" (Matter of Christine Y. v Carrion, 75 AD3d 831, 831 [2010] [internal quotation marks and citation omitted]; see 18 NYCRR 432.1 [b] [1] [ii]; Matter of Cheryl Z. v Carrion, 119 AD3d 1109, 1110 [2014]).  Upon review, this Court's inquiry is limited to ascertaining whether the agency's determination is supported by substantial evidence, i.e., "whether reasonable minds could adequately accept the conclusion based on the relevant proof" (Matter of John R. v State of N.Y. Off. of Children & Family Servs., 97 AD3d 958, 959 [2012] [internal quotation marks and citations omitted]; see Matter of Cheryl Z. v Carrion, 119 AD3d at 1110).

Here, the evidence against petitioners consisted entirely of the investigation summary and progress notes, the latter of which were prepared — in relevant part — by the child protective services caseworker based upon interviews with five of the six foster children, who ranged in age from 6 to 12 years old.[2]  The authoring caseworker did not testify.  Petitioners denied the allegations of maltreatment and offered into evidence the results of medical evaluations conducted with respect to each of the foster children shortly after the allegations of maltreatment surfaced.  Those medical records, in turn, revealed that "[t]he children's exams [were] all normal," that the examining physician had "no independent concerns of maltreatment" and, notably, that the six-year-old girl who purportedly accused the foster mother of grabbing her by the arm and pulling her from a vehicle "denie[d] maltreatment" when questioned by the examining physician outside of the presence of the foster mother.

To be sure, an administrative determination may, under

---

[2]  The remaining foster child was three years old at the time of the investigation and did not respond to the caseworker's attempt to speak with her.

appropriate circumstances, "be based entirely upon hearsay evidence" (Matter of Doctor v New York State Off. of Alcoholism & Substance Abuse Servs., 112 AD3d 1020, 1022 [2013]), and there is no question that "hearsay is admissible in expungement hearings and, if sufficiently relevant and probative, may constitute substantial evidence to support the underlying determination" (Matter of Ribya BB. v Wing, 243 AD2d 1013, 1014 [1997] [internal quotation marks and citation omitted]; accord Matter of Nils TT. v New York State Dept. of Social Servs., 251 AD2d 779, 780 [1998], lv denied 92 NY2d 810 [1998]; see Matter of Markman v Carrion, 120 AD3d 1580, 1581 [2014]).  Under the particular facts of this case, however, we do not find the investigation summary and progress notes admitted into evidence at the hearing to be "sufficiently reliable" (Matter of Doctor v New York State Off. of Alcoholism & Substance Abuse Servs., 112 AD3d at 1022 [internal quotation marks and citations omitted]) to constitute substantial evidence of maltreatment – especially in view of the six-year-old girl's contradictory statements in this regard. Accordingly, respondent's determination is annulled.

        Lahtinen, J.P., Garry and Devine, JJ., concur.


Lynch, J. (dissenting).

        I respectfully dissent.  The standards governing expungement hearings are correctly stated by the majority.  I disagree in that it is my view that the evidence is sufficiently reliable to support the underlying determination.  Respondent presented the Central Register of Child Abuse and Maltreatment report that was called in by one caseworker and the progress notes from the ensuing investigation, in which another caseworker separately interviewed the six children and other relevant parties regarding the reported maltreatment.  It is significant that five of the six children corroborated the arm pulling incident with the six-year-old girl, and three of the children corroborated the head slap incident involving her nine-year-old brother.  That the six year old denied any mistreatment when examined by a physician at the behest of petitioner Theresa WW. (hereinafter the foster mother) the day after the caseworker interviews does not diminish the corroborative statements of the

other children.  Nor is the absence of any actual physical injury dispositive (compare Matter of Peters v McCaffrey, 173 AD2d 934, 935 [1993]).  Not to be overlooked is that petitioners each testified and denied using any corporal punishment on the children.  In so doing, however, the foster mother attributed the allegations to a vindictive caseworker and, upon being informed by the Administrative Law Judge that the investigation was actually performed by another caseworker, the foster mother responded that that caseworker also fabricated the story.  In an instance, as here, "where there are two conflicting accounts of events, it is not within this Court's discretion to weigh conflicting testimony or substitute its own judgment for that of the administrative finder of fact, even if a contrary result is viable" (Matter of Ribya BB. v Wing, 243 AD2d 1013, 1014 [1997]; see Matter of Kenneth VV. v Wing, 235 AD2d 1007, 1009-1010 [1997]; see also Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987]).  Given the caseworker's detailed investigation, juxtaposed against the foster mother's accusatory explanation, a reasoned basis exists for the Administrative Law Judge's finding that neither petitioner was credible.  In my view, the determination is supported by substantial evidence and should be confirmed and the petition dismissed (see Matter of Cheryl Z. v Carrion, 119 AD3d 1109, 1111-1112 [2014]).


        ADJUDGED that the determination is annulled, without costs, and petition granted.




                        ENTER:



                        Robert D. Mayberger
                        Clerk of the Court