*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 19, 2015                    519112
_____

In the Matter of MAURIZIO XX.,
                    Petitioner,

        v
                                              MEMORANDUM AND JUDGMENT
NEW YORK STATE OFFICE OF
    CHILDREN AND FAMILY
    SERVICES et al.,
                    Respondents.
_____

Calendar Date:  January 15, 2015

Before:  Lahtinen, J.P., Garry, Devine and Clark, JJ.

                    _____


        Reynold A. Mauro, Commack, for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (Kathleen M.
Arnold of counsel), for respondents.

                    _____


Devine, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Office of Children and
Family Services which denied petitioner's application to have a
report maintained by the Central Register of Child Abuse and
Maltreatment amended to be unfounded and expunged.

        In July 2012, as petitioner was bathing his two-year-old
son, he struck the child on the left buttock with his hand to
discipline the child for eating soap.  The following day, having
realized that the child's buttock was bruised, petitioner
explained what had happened to the child's day-care provider who,
in turn, reported the incident to the Central Register of Child

Abuse and Maltreatment. Respondent Suffolk County Department of Social Services conducted an investigation and the report was subsequently marked as "indicated" for maltreatment due to inadequate guardianship and excessive corporal punishment. Petitioner submitted a request to respondent Office of Children and Family Services to amend the report from indicated to unfounded, which request was denied. Thereafter, following an administrative hearing conducted pursuant to Social Services Law § 422 (8) (b), the Administrative Law Judge determined that the maltreatment allegation was supported by a preponderance of the evidence and that the indicated report may be disclosed to inquiring agencies pursuant to Social Services Law § 424-a. Petitioner commenced this CPLR article 78 proceeding seeking to, among other things, annul respondents' determination that he engaged in maltreatment.

"'At an administrative hearing to determine whether a report of child abuse or maltreatment is substantiated, the allegations in the report must be established by a fair preponderance of the evidence'" (Matter of Timothy G. v New York State Off. of Children & Family Servs., 121 AD3d 788, 789 [2014], quoting Matter of Marie A.P. v Nassau County Dept. of Social Servs., 100 AD3d 1003, 1003-1004 [2012]; see Matter of Lee TT. v Dowling, 211 AD2d 46, 49 [1995], affd 87 NY2d 699 [1996]). Specifically, "'[t]o establish that maltreatment occurred, the agency must show that the child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the parent's failure to exercise a minimum degree of care'" (Matter of Stephen C. v Johnson, 39 AD3d 932, 933 [2007], lv denied 9 NY3d 804 [2007], quoting Matter of Tonnette E. v New York State Off. of Children & Family Servs., 25 AD3d 994, 995 [2006]; see 18 NYCRR 432.1 [b] [1]; Matter of Cheryl Z. v Carrion, 119 AD3d 1109, 1110 [2014]). In our consideration of the underlying determination, "our focus is whether the determination is rational and supported by substantial evidence" (Matter of Steven A. v New York State Off. of Children & Family Servs., 307 AD2d 434, 435 [2003] [internal quotation marks and citation omitted]; see Matter of Cheryl Z. v Carrion, 119 AD3d at 1110; Matter of Susan XX. Tioga County Dept. of Social Servs., 74 AD3d 1543, 1543-1544 [2010]).

Petitioner testified that, after he spanked the child, the child cried briefly, and then the family resumed their normal evening activities. The father explained that the impression left on the child's buttock had been exacerbated by the sensitivity of the child's skin to the hot bath water and, further, that the child did not complain of pain or appear to be negatively affected by the incident. The record shows that petitioner was clearly remorseful and cooperated fully with Department of Social Services investigators. Petitioner attended an anger management workshop and a parenting course, which petitioner acknowledged were helpful and encouraged him to adopt age-appropriate methods of child discipline. Moreover, petitioner's spouse indicated that she had never observed petitioner engaged in excessive corporal punishment and that she and petitioner normally placed their children in a "time out" when invoking discipline inside the home.

A parent is "entitled to use reasonable physical force to promote discipline" (Matter of Collin H., 28 AD3d 806, 809 [2006]), however, the application of such force may not "exceed[] the threshold of reasonableness" (Matter of Anthony C., 201 AD2d 342, 342-343 [1994]). Although a single instance of excessive corporal punishment can suffice for a finding of maltreatment (see Matter of Vincent KK. v State of N.Y. Off. of Children & Family Servs., 284 AD2d 777, 777 [2001]), here, the record lacks substantial evidence demonstrating that petitioner's conduct "impaired or was in imminent danger of impairing [the child's] physical, mental or emotional condition" (Matter of Hattie G. v Monroe County Dept. of Social Servs., Children's Servs. Unit, 48 AD3d 1292, 1293-1294 [2008]; see Matter of Matthew WW. v Johnson, 20 AD3d 669, 671 [2005]; compare Matter of Collin H., 28 AD3d at 808-809; Matter of Castilloux v New York State Off. of Children & Family Servs., 16 AD3d 1061, 1062 [2005], lv denied 5 NY2d 702 [2005]).

Lahtinen, J.P., Garry and Clark, JJ., concur.

ADJUDGED that the determination is annulled, without costs, and petition granted.

ENTER:

Robert D. Mayberger
Clerk of the Court