## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: July 9, 2015          518494
_____

In the Matter of GERALD HH.,
           Petitioner,

    v                           MEMORANDUM AND JUDGMENT

GLADYS CARRION, as Commissioner
    of Children and Family
    Services, et al.,
           Respondents.
_____

Calendar Date: May 29, 2015

Before: McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____

Gerald HH., Binghamton, petitioner pro se.

Eric T. Schneiderman, Attorney General, Albany (Jonathan D. Hitsous of counsel), for respondents.

_____

Devine, J.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Broome County) to review a determination of respondent Commissioner of Children and Family Services which denied petitioner's application to have a report maintained by the Central Register of Child Abuse and Maltreatment amended to be unfounded and expunged.

A report was made to the Central Register of Child Abuse and Maltreatment alleging that, in January 2012, petitioner physically mistreated his 11-year-old son. An investigation by respondent Broome County Department of Social Services ensued, which uncovered evidence that petitioner had grabbed the child by the neck and lifted him off the ground, yanked him out of bed by

the arm, and caused him to stumble on a flight of stairs by pushing him. The report was accordingly marked as "indicated" for maltreatment. Petitioner requested that the Office of Children and Family Services amend the report from indicated to unfounded, and his request was denied. Thereafter, following an administrative hearing conducted pursuant to Social Services Law § 422 (8) (b), an Administrative Law Judge determined that maltreatment had been established by a fair preponderance of the evidence and that the indicated report may be disclosed to inquiring agencies pursuant to Social Services Law § 424–a. Petitioner commenced this CPLR article 78 proceeding to challenge the determination.

To establish maltreatment, the agency was required to show by a fair preponderance of the evidence that the physical, mental or emotional condition of the child had been impaired or was in imminent danger of becoming impaired because of a failure by petitioner to exercise a minimum degree of care in providing the child with appropriate supervision or guardianship (see Matter of Theresa WW. v New York State Off. of Children & Family Servs., 123 AD3d 1174, 1175 [2014]; Matter of Cheryl Z. v Carrion, 119 AD3d 1109, 1110 [2014]). Our review is limited to assessing whether the determination is supported by substantial evidence, meaning "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Ridge Rd. Fire Dist. v Schiano, 16 NY3d 494, 499 [2011]; see Matter of Maurizio XX. v New York State Off. of Children & Family Servs., 125 AD3d 1174, 1175 [2015]; Matter of Theresa WW. v New York State Off. of Children & Family Servs., 123 AD3d at 1175-1176).

Here, the proof introduced against petitioner consisted solely of the investigation progress notes and a Family Court order from 1998 that adjudicated petitioner to have neglected another son. The progress notes were prepared by a child protective services caseworker and include her accounts of interviews with numerous individuals, including the child and his therapist, that led her to the conclusion that maltreatment had occurred. Neither the caseworker nor her interview subjects testified before the Administrative Law Judge, however, and the progress notes reflect that the child bore no marks or evident

injuries as a result of the maltreatment.  In contrast to this meager evidentiary showing, petitioner and his wife both testified and denied that any maltreatment had occurred. Petitioner also asserted, without contradiction, that he was physically incapable of engaging in some of the claimed maltreatment, such as lifting the 110-pound child with one hand. His wife further stated that the child admitted to her that he was lying about the alleged maltreatment.  The record suggests a reason why the child might be prompted to lie, as a bitter custody dispute between petitioner and the child's mother has led to numerous unfounded reports of mistreatment regarding petitioner.

Like any administrative determination, one made after an expungement hearing may be based solely upon hearsay evidence – or even double hearsay evidence – in the appropriate case (see Matter of Theresa WW. v New York State Off. of Children & Family Servs., 123 AD3d at 1176; Matter of Pluta v New York State Off. of Children & Family Servs., 17 AD3d 1126, 1127 [2005], lv denied 5 NY3d 715 [2005]).  As such, "our concern is not the hearsay nature of the evidence, but whether it is sufficiently relevant and probative to constitute substantial evidence" (Matter of King v New York State Dept. of Health, 295 AD2d 743, 744 [2002]; see Matter of Theresa WW. v New York State Off. of Children & Family Servs., 123 AD3d at 1176).  Hearsay evidence will not satisfy that standard if the facts it purportedly establishes are "seriously controverted" (Matter of JMH, Inc. v New York State Liq. Auth., 61 AD3d 1260, 1261 [2009]; see Matter of Doctor v New York State Off. of Alcoholism & Substance Abuse Servs., 112 AD3d 1020, 1022-1023 [2013]).  Serious controversy is precisely what surrounds the hearsay evidence here, given the hearing testimony that the maltreatment had not occurred and that the child had recanted his claims, the proof that motivations may have existed for the child to fabricate the maltreatment, and the total lack of physical evidence suggesting that it occurred.  We accordingly agree with petitioner that substantial evidence does not support the challenged determination, which must be annulled as a result (see Matter of Theresa WW. v New York State Off. of Children & Family Servs., 123 AD3d at 1176; Matter of Doctor v New York State Off. of Alcoholism & Substance Abuse Servs., 112 AD3d at 1022-1023).

        Petitioner's remaining arguments, to the extent that they are properly before us by virtue of him having raised them before the Administrative Law Judge and in his subsequent CPLR article 78 petition, are rendered academic in light of the foregoing.

        McCarthy, J.P., Egan Jr. and Clark, JJ., concur.



        ADJUDGED that the determination is annulled, without costs, and petition granted.




                        ENTER:

                        Robert D. Mayberger
                        Clerk of the Court