# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**44**

**TP 16-00843**

PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF LISA LAUREN, PETITIONER,

V             MEMORANDUM AND ORDER

NEW YORK STATE OFFICE OF CHILDREN AND FAMILY
SERVICES, RESPONDENT.

---

LAW OFFICE OF SAMUEL R. MISERENDINO, ESQ., BUFFALO (SAMUEL R. MISERENDINO OF COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (LAURA ETLINGER OF COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [James H. Dillon, J.], entered May 13, 2016) to review a determination of respondent. The determination denied petitioner's request that an indicated report of maltreatment be amended to unfounded.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul a determination made after a fair hearing that denied her request to amend an indicated report of maltreatment with respect to a foster child to an unfounded report, and to seal it (*see* Social Services Law § 422 [8] [a] [v]; [c] [ii]). Petitioner contends that the determination that she committed an act of maltreatment and that such maltreatment was relevant and reasonably related to childcare is not supported by substantial evidence. We reject that contention. " 'It is well established that our review is limited to whether the determination to deny the request to amend and seal the [indicated] report is supported by substantial evidence in the record' " (*Matter of Dawn M. v New York State Cent. Register of Child Abuse & Maltreatment*, 138 AD3d 1492, 1493; *see Matter of Theresa WW. v New York State Off. of Children & Family Servs.*, 123 AD3d 1174, 1175). "Substantial evidence is such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact . . . [,] [and] hearsay evidence alone, if it is sufficiently reliable and probative, may constitute sufficient evidence to support a determination" (*Dawn M.*, 138 AD3d at 1493 [internal quotation marks omitted]; *see Matter of Bounds v Village of Clifton Springs Zoning Bd. of Appeals*, 137 AD3d 1759, 1760). "To establish maltreatment, the

agency was required to show by a fair preponderance of the evidence that the physical, mental or emotional condition of the child had been impaired or was in imminent danger of becoming impaired because of a failure by petitioner to exercise a minimum degree of care in providing the child with appropriate supervision or guardianship" (*Matter of Gerald HH. v Carrion*, 130 AD3d 1174, 1175; *see* 18 NYCRR 432.1 [b] [1] [ii]).  If there is substantial evidence in the record supporting the administrative agency's determination, we "cannot substitute [our] own judgment for that of the administrative agency, even if a contrary result is viable" (*Matter of Danielle G. v Schauseil*, 292 AD2d 853, 854; *see Matter of Fermin-Perea v Swarts*, 95 AD3d 439, 440).  Upon our review of the testimony and the evidence presented at the fair hearing, we conclude that the determination "that petitioner maltreated the subject child[] and that such maltreatment was relevant and reasonably related to childcare . . . is supported by substantial evidence" (*Dawn M.*, 138 AD3d at 1494).

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court