Matter of Sleiman v New York State Cent. Register of Child Abuse & Maltreatment (2021 NY Slip Op 02623)





Matter of Sleiman v New York State Cent. Register of Child Abuse & Maltreatment


2021 NY Slip Op 02623


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, TROUTMAN, AND BANNISTER, JJ.


34 TP 20-01012

[*1]IN THE MATTER OF CHAD SLEIMAN, PETITIONER,
v
NEW YORK STATE CENTRAL REGISTER OF CHILD ABUSE AND MALTREATMENT, NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES AND ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, CPS UNIT AND OFFICE OF LEGAL AFFAIRS, RESPONDENTS. 






KELIANN M. ARGY, ORCHARD PARK, FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF COUNSEL), FOR RESPONDENTS NEW YORK STATE CENTRAL REGISTER OF CHILD ABUSE
 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Frank A. Sedita, III, J.], entered August 10, 2020) to review a determination of respondent New York State Office of Children and Family Services. The determination denied in part the request of petitioner to amend to unfounded an indicated report of maltreatment. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul a determination, made after a fair hearing, insofar as it denied in part his request to amend to unfounded an indicated report of maltreatment with respect to his son and to seal the amended report (see Social Services Law § 422 [8] [a] [v]; [c] [i]; [e]).
We reject petitioner's contention that respondent Erie County Department of Social Services, CPS Unit and Office of Legal Affairs (DSS) failed to sustain its burden at the fair hearing of establishing that petitioner committed an act of maltreatment (see Social Services Law § 422 [8] [b] [ii]). Our review is limited to "whether the determination to deny the request to amend and seal the [indicated] report is supported by substantial evidence in the record" (Matter of Kordasiewicz v Erie County Dept. of Social Servs., 119 AD3d 1425, 1426 [4th Dept 2014]). Substantial evidence in the record is " 'such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' . . . [, and] hearsay evidence alone, if it is sufficiently reliable and probative, may constitute sufficient evidence to support a determination" (id., quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). "To establish maltreatment, [DSS] was required to show by a fair preponderance of the evidence that the physical, mental or emotional condition of the child had been impaired or was in imminent danger of becoming impaired because of a failure by petitioner to exercise a minimum degree of care in providing the child with appropriate supervision or guardianship" (Matter of Gerald HH. v Carrion, 130 AD3d 1174, 1175 [3d Dept 2015]; see § 412 [2] [a]; Family Ct Act § 1012 [f] [i] [B]; 18 NYCRR 432.1 [b] [1] [ii]).
The evidence at the hearing established that, during a heated domestic dispute, petitioner approached his wife, who was in a vehicle with their son. Petitioner pulled the child from the vehicle against his will and placed the child behind the vehicle. He then smashed the window in [*2]the child's presence and approached the wife at the driver's window, causing the wife, who was unaware of exactly where the child was standing, to lock the door and put the car in reverse. Taking all the facts and circumstances into account, we conclude that the determination is supported by substantial evidence in the record that petitioner's conduct and judgment fell short of objectively acceptable standards (see Matter of Afton C. [James C.], 17 NY3d 1, 9 [2011]; Matter of Anonymous v Poole, 162 AD3d 598, 598 [1st Dept 2018]).
We also reject petitioner's contention that annulment of the determination is an appropriate remedy for the delays attributable to respondents between the commencement of the investigation into the allegations that petitioner maltreated the child and the date of the determination (see generally Matter of Warren v New York State Cent. Register of Child Abuse & Maltreatment, 164 AD3d 1615, 1617 [4th Dept 2018]). We have considered petitioner's remaining contentions and conclude that none warrants annulling the determination.
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court