■ In the Matter of HATTIE G., Petitioner, v MONROE COUNTY DEPARTMENT OF SOCIAL SERVICES, CHILDREN'S SERVICES UNIT et al., Respondents. [851 NYS2d 324]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Thomas A. Stander, J.], entered May 17, 2007) to review a determination of respondent Richard E. Davidson, as designee of the Commissioner of the New York State Office of Children and Family Services. The determination found after a hearing that petitioner committed an act of child maltreatment.

It is hereby ordered that the determination is unanimously annulled on the law without costs, the petition is granted and the matter is remitted to respondent Richard E. Davidson, as designee of the Commissioner of the New York State Office of Children and Family Services, for compliance with Social Services Law § 424-a (2) (d) and (e).

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination denying her request to amend an indicated report of child maltreatment maintained at respondent New York State Central Register of Child Abuse and Maltreatment (Central Register) by noting that respondent Monroe County Department of Social Services (DSS) failed to sustain its burden at the fair hearing of establishing that petitioner committed an act of maltreatment (see Social Services Law § 424-a [2] [d]), thereby precluding the Central Register from disseminating to appropriate providers and licensing agencies the information that petitioner is the subject of an indicated child abuse and maltreatment report (see § 424-a [2] [d], [e]). We agree with petitioner that the determination that she committed the act of maltreatment alleged in the indicated report is not supported by substantial evidence and that it therefore must be annulled.

After discovering that her 14-year-old daughter stayed out overnight without permission, petitioner confronted her with a plastic toy wiffle bat, struck her several times in the legs and buttocks, and then accidentally struck her once in the head. The inadvertent blow produced a small welt or bruise under her daughter's right eye. School authorities notified the Central Register of the daughter's injury, and a DSS caseworker separately interviewed the daughter, another daughter who witnessed the incident, and petitioner. All three individuals gave the caseworker similar accounts of the incident, and both daughters confirmed that petitioner rarely, if ever, employed corporal punishment. Following the incident, the daughter in question resided with her father for several days and then returned to petitioner's house without further incident.

The indicated report concluded that the daughter was "maltreated/abused" and that the allegations of excessive corporal punishment, inadequate guardianship, and lacerations, bruises, and welts were "[s]ubstantiated." Following a fair hearing, Richard E. Davidson, as designee of the Commissioner of the New York State Office of Children and Family Services (respondent designee), determined that petitioner "failed to exercise the requisite degree of care under the circumstances and that [her] failure caused [her daughter] to be physically impaired . . . prov[ing] . . . that [petitioner] committed the maltreatment alleged in the report."

We conclude on the record before us that the determination is not supported by substantial evidence, i.e., "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). "While hearsay, if sufficiently relevant and probative, may constitute substantial evidence sufficient to support the underlying determination . . . , the proof as a whole must be 'of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably—probatively and logically' " (*Matter of Burks v Wing*, 242 AD2d 624, 625 [1997]). At the fair hearing, DSS had the burden of establishing by a fair preponderance of the evidence that petitioner maltreated her daughter by the use of excessive corporal punishment (*see* Social Services Law § 424-a [2] [d]; *see generally Matter of Robert OO. v Dowling*, 217 AD2d 785, 786 [1995], *affd* 87 NY2d 1043 [1996]), and that such corporal punishment impaired or was in imminent danger of impairing her daughter's physical, mental, or emotional condition (*see*

Social Services Law § 412 [2] [a] [i]; Family Ct Act § 1012 [f] [i]; *Matter of Cheyenne F.*, 238 AD2d 905 [1997]). "This prerequisite to a finding of [maltreatment based upon] neglect ensures that the [agency] . . . will focus on serious harm or potential harm to the child, not just on what might be deemed undesirable parental behavior" (*Nicholson v Scoppetta*, 3 NY3d 357, 369 [2004]). Impairment of a physical condition has been defined as " 'a state of substantially diminished physical growth, freedom from disease, and physical functioning in relation to, but not limited to, fine and gross motor development and organic brain development' " (*Matter of Nassau County Dept. of Social Servs. v Denise J.*, 87 NY2d 73, 78, quoting Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1012, at 321 [1999 ed]).

At the fair hearing, the only witness to testify on behalf of DSS was the DSS caseworker who conducted the three interviews. He testified that his conclusion that petitioner had engaged in excessive corporal punishment was based on the fact that she had used physical punishment and caused the mark or bruising below her daughter's eye. There was no evidence presented at the hearing indicating that the daughter received medical treatment for her eye or another condition, or that petitioner had used corporal punishment on any other occasion. The testimony of petitioner that her daughter, who was 17 years old at the time of the hearing, was living with her, doing well and intending to graduate from high school was uncontroverted. We therefore annul the determination, grant the petition and remit the matter to respondent designee for compliance with Social Services Law § 424-a (2) (d) and (e). Present—Scudder, P.J., Gorski, Lunn, Fahey and Peradotto, JJ.