In the Matter of RHONDA MANGUS, Petitioner, v NIAGARA COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [893 NYS2d 410]—

Memorandum: Petitioner contends that the New York State Office of Children and Family Services (respondent) erred in refusing to amend to unfounded an indicated report of child maltreatment with respect to her son, maintained in the New York State Central Register of Child Abuse and Maltreatment, and to seal that amended report. We reject that contention. " 'At an administrative expungement hearing, a report of child . . . maltreatment must be established by a fair preponderance of the evidence' " (*Matter of Saporito v Carrion*, 66 AD3d 912, 912 [2009]). " 'Our review . . . is limited to whether the determination was supported by substantial evidence in the record on the petitioner['s] application for expungement' " (*id.*; *see Matter of Hattie G. v Monroe County Dept. of Social Servs.*,

*Children's Servs. Unit*, 48 AD3d 1292, 1293 [2008]). We conclude on the record before us that respondent's determination that respondent Niagara County Department of Social Services established by a fair preponderance of the evidence at the fair hearing that petitioner maltreated the subject child is supported by substantial evidence (*see Hattie G.*, 48 AD3d at 1293; *see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182 [1978]). Contrary to the further contention of petitioner, who proceeded pro se at the fair hearing, she was not entitled to assigned counsel at the hearing and thus her contention with respect to the denial of due process based on the lack of representation lacks merit (*see generally Matter of Brown v Lavine*, 37 NY2d 317 [1975]). Present—Hurlbutt, J.P., Smith, Fahey and Carni, JJ.