■ PAMELA STEWART, Petitioner, v GLADYS CARRION, as Commissioner of the New York State Office of Children and Family Services, et al., Respondents. [913 NYS2d 227]—

Determination of respondent Commissioner of the New York State Office of Children and Family Services, dated January 27, 2009, which, after a fair hearing pursuant to Social Services Law § 422 (8) (b), denied petitioner's request to expunge a report of maltreatment maintained in the New York State Central Register of Child Abuse and Maltreatment, unanimously annulled, without costs, the petition in this proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Marylin G. Diamond, J.], entered October 26, 2009), granted, and the report expunged.

On a petitioner's application for expungement, this Court's review is limited to whether the determination was supported by substantial evidence in the record (*see Matter of Hattie G. v Monroe County Dept. of Social Servs., Children's Servs. Unit*, 48 AD3d 1292, 1293 [2008]). To establish maltreatment, it was necessary to demonstrate, by a fair preponderance of the evidence, that petitioner "did not exercise a minimum degree of care and that, as a result, the child's physical, mental or emotional condition was impaired or in imminent danger of being impaired" (*Matter of James HH.*, 234 AD2d 783, 783-784 [1996], *lv denied* 89 NY2d 812 [1997]; *see Matter of Hofbauer*, 47 NY2d 648, 655 [1979]; *Matter of Alexander D.*, 45 AD3d 264 [2007]).

Respondent's finding that petitioner maltreated a two-year-old foster child is unsupported by any evidence of record that petitioner failed to exercise a minimal degree of care or that any failure impaired or was in imminent danger of impairing the foster child's physical condition. Concur—Friedman, J.P., Sweeny, Catterson, Renwick and Román, JJ.