# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1344**
**TP 12-01111**
PRESENT: CENTRA, J.P., FAHEY, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

IN THE MATTER OF MEREDITH REYNOLDS, PETITIONER,

V                                          MEMORANDUM AND ORDER

NEW YORK STATE OFFICE OF CHILDREN AND FAMILY
SERVICES, NEW YORK STATE CENTRAL REGISTER OF
CHILD ABUSE AND MALTREATMENT AND ONTARIO COUNTY
DEPARTMENT OF SOCIAL SERVICES, RESPONDENTS.

---

TREVETT CRISTO SALZER & ANDOLINA P.C., ROCHESTER (ERIC M. DOLAN OF
COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE OF
COUNSEL), FOR RESPONDENTS NEW YORK STATE OFFICE OF CHILDREN AND FAMILY
SERVICES AND NEW YORK STATE CENTRAL REGISTER OF CHILD ABUSE AND
MALTREATMENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Ontario County [William F.
Kocher, A.J.], entered May 29, 2012) to review a determination of
respondents. The determination denied petitioner's request that a
report maintained in the New York State Central Register of Child
Abuse and Maltreatment indicating petitioner for maltreatment be
amended to unfounded and sealed.

It is hereby ORDERED that the determination is unanimously
confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding
seeking to annul the determination denying her request to amend to
unfounded an indicated report of child maltreatment of her son and her
boyfriend's son, maintained at respondent New York State Central
Register of Child Abuse and Maltreatment, and seeking to seal that
amended report. We reject petitioner's contention that respondent
Ontario County Department of Social Services (DSS) failed to sustain
its burden at the fair hearing of establishing that she committed an
act of maltreatment. "At an administrative expungement hearing, a
report of child . . . maltreatment must be established by a fair
preponderance of the evidence" (*Matter of Mangus v Niagara County
Dept. of Social Servs.*, 68 AD3d 1774, 1774, *lv denied* 15 NY3d 705
[internal quotation marks omitted]). "Our review . . . is limited to
whether the determination was supported by substantial evidence in the
record on the petitioner['s] application for expungement" (*id.*

[internal quotation marks omitted]; *see Matter of Hattie G. v Monroe County Dept. of Social Servs., Children's Servs. Unit*, 48 AD3d 1292, 1293).  We conclude on the record before us that the determination that DSS established by a fair preponderance of the evidence at the fair hearing that petitioner maltreated the subject children is supported by substantial evidence (*see Mangus*, 68 AD3d at 1775; *cf. Hattie G.*, 48 AD3d at 1293; *see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182).

Entered:  December 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court