Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination denying her request to amend to unfounded an indicated report of child maltreatment of her son and her boyfriend’s son, maintained at respondent New York State Central Register of Child Abuse and Maltreatment, and seeking to seal that amended report. We reject petitioner’s contention that respondent Ontario County Department of Social Services (DSS) failed to sustain its burden at the fair hearing of establishing that she committed an act of maltreatment. “At an administrative expungement hearing, a report of child . . . maltreatment must be established by a fair preponderance of the evidence” (Matter of Mangus v Niagara County Dept. of Social Servs., 68 AD3d 1774, 1774 [2009], lv denied 15 NY3d 705 [2010] [internal quotation marks omitted]). “Our review ... is limited to whether the determination was supported by substantial evidence in the record on the petitioner's] application for expungement” (id. [internal quotation marks omitted]; see Matter of Hattie G. v Monroe County Dept. of Social Servs., Children’s Servs. Unit, 48 AD3d 1292, 1293 [2008]). We conclude on the record before us that the determi *1739 nation that DSS established by a fair preponderance of the evidence at the fair hearing that petitioner maltreated the subject children is supported by substantial evidence (see Mangus, 68 AD3d at 1775; cf. Hattie G., 48 AD3d at 1293; see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181-182 [1978]). Present — Centra, J.P., Fahey, Sconiers, Valentino and Martoche, JJ.