# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

889

TP 12-01227

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF HAROLD MILTON, PETITIONER,

V                                                   MEMORANDUM AND ORDER

LINDA JOYCE, DIRECTOR, NEW YORK STATE CENTRAL
REGISTER OF CHILD ABUSE AND MALTREATMENT, AND
NEW YORK STATE OFFICE OF CHILDREN AND FAMILY
SERVICES, RESPONDENTS.

---

JAMES S. HINMAN, P.C., ROCHESTER (JAMES S. HINMAN OF COUNSEL), FOR
PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF
COUNSEL), FOR RESPONDENTS.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [William P. Polito, J.], entered July 3, 2012) to review a determination of respondents. The determination denied petitioner's request that a report maintained in the New York State Central Register of Child Abuse and Maltreatment, indicating petitioner for maltreatment, be amended to unfounded.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner, an employee of respondent New York State Office of Children and Family Services, commenced this CPLR article 78 proceeding challenging the determination denying his request to amend to unfounded an indicated report of child abuse and to seal that amended report. The report was based on petitioner's physical altercation with a 16-year-old resident at a secure residential facility. We reject petitioner's contention that the determination denying his request, made after a fair hearing, is not supported by substantial evidence. "At an administrative expungement hearing, a report of child [abuse or] maltreatment must be established by a fair preponderance of the evidence[, and o]ur review . . . is limited to whether the determination was supported by substantial evidence in the record on the petitioner['s] application for expungement" (*Matter of Mangus v Niagara County Dept. of Social Servs.*, 68 AD3d 1774, 1774-1775, *lv denied* 15 NY3d 705 [internal quotation marks omitted]; *see Matter of Saporito v Carrion*, 66 AD3d 912, 912). We conclude based on this record that the determination is supported by substantial

evidence (*see* Social Services Law § 422 [8] [c] [ii]; *see also* former § 412-a [1] [a] [i]; former 18 NYCRR 433.2). We reject petitioner's further contention that he was denied effective assistance of counsel at the fair hearing (*see generally Matter of Mangus*, 68 AD3d at 1774; *Matter of Abramson v New York State Dept. of Motor Vehs.*, 302 AD2d 885, 886).

Entered:  September 27, 2013                              Frances E. Cafarell
                                                          Clerk of the Court