# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

823

TP 14-00205

PRESENT: CENTRA, J.P., FAHEY, CARNI, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF JOY ARBOGAST, PETITIONER,

V                                              MEMORANDUM AND ORDER

NEW YORK STATE OFFICE OF CHILDREN AND FAMILY
SERVICES, SPECIAL HEARING BUREAU, RESPONDENT.

---

MURPHY MEYERS LLP, ORCHARD PARK (MARGARET A. MURPHY OF COUNSEL), FOR
PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Christopher J. Burns, J.], entered January 29, 2014) to review a determination of respondent. The determination denied petitioner's application to amend the indicated report of maltreatment to an unfounded report.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding to review a determination, made after a fair hearing, denying her request to amend an indicated report of maltreatment with respect to her four-year-old granddaughter to an unfounded report, and to seal it (*see* Social Services Law § 422 [8] [a] [v]; [c] [ii]). "At an administrative expungement hearing, a report of child . . . maltreatment must be established by a fair preponderance of the evidence" (*Matter of Reynolds v New York State Off. of Children & Family Servs.*, 101 AD3d 1738, 1738 [internal quotation marks omitted]), and "[o]ur review . . . is limited to whether the determination was supported by substantial evidence in the record on the petitioner['s] application for expungement" (*Matter of Mangus v Niagara County Dept. of Social Servs*., 68 AD3d 1774, 1774, *lv denied* 15 NY3d 705 [internal quotation marks omitted]; *see Matter of Hattie G. v Monroe County Dept. of Social Servs., Children's Servs. Unit*, 48 AD3d 1292, 1293). Here, we conclude that, contrary to petitioner's contention, the hearsay evidence of maltreatment—including but not limited to testimony that the subject child told a nurse and a child protective services caseworker that petitioner caused her injury, i.e., a ripped right earlobe—constituted substantial evidence supporting the determination (*see Matter of Jeannette LL. v Johnson*, 2

AD3d 1261, 1263-1264; *see generally Matter of Draman v New York State Off. of Children & Family Servs*., 78 AD3d 1603, 1603-1604). Although the testimony of petitioner and her sister conflicted with the evidence presented by respondent, "it is not within this Court's discretion to weigh conflicting testimony or substitute its own judgment for that of the administrative finder of fact" (*Matter of Ribya BB. v Wing*, 243 AD2d 1013, 1014; *see Matter of Crandall v New York State Off. of Children & Family Servs., Special Hearings Bur.*, 104 AD3d 1199, 1199). We therefore confirm the determination.

Entered:  July 11, 2014                    Frances E. Cafarell
                                           Clerk of the Court