# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**714**
**TP 13-02183**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF LYNN KORDASIEWICZ, PETITIONER,

V                                    MEMORANDUM AND ORDER

ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, CPS
UNIT, AND NEW YORK STATE CENTRAL REGISTER OF
CHILD ABUSE AND MALTREATMENT, RESPONDENTS.

---

TRONOLONE & SURGALLA, P.C., BUFFALO (DAVID C. CROWTHER OF COUNSEL),
FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE OF
COUNSEL), FOR RESPONDENT NEW YORK STATE CENTRAL REGISTER OF CHILD
ABUSE AND MALTREATMENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Erie County [John M. Curran,
J.], entered October 1, 2013) to review a determination of the New
York State Office of Children and Family Services.  The determination
denied petitioner's application to amend the indicated report of
maltreatment to an unfounded report.

It is hereby ORDERED that the determination is unanimously
confirmed without costs and the petition is dismissed.

Memorandum:  Petitioner commenced this CPLR article 78 proceeding
seeking to annul the determination denying her request to amend to
unfounded an indicated report of maltreatment with respect to her two
children, and seeking to seal that amended report.  Contrary to
petitioner's contention, respondent Erie County Department of Social
Services (DSS) established by a fair preponderance of the evidence
that petitioner committed maltreatment.  DSS presented the testimony
of a caseworker who investigated a report, made to respondent New York
State Central Register of Child Abuse and Maltreatment (SCR) by a
mandated reporter, that petitioner had been arrested for, inter alia,
driving while intoxicated with a blood alcohol content (BAC) of .18%
based upon a Datamaster test and that petitioner's two children, ages
six and seven, were in the car when she drove 1½ hours from Cuba, New
York to Elma, New York, where she was arrested in her driveway.  The
redacted report to SCR also was admitted in evidence, and it contained
a narrative stating that the police were notified by a citizen that
petitioner had been observed swerving on a particular road.
Petitioner had advised the caseworker that her driver's licence had

been revoked as a result of her arrest.  Petitioner testified on her own behalf that she had drunk three six-ounce glasses of wine during a four-hour period from 3:00 p.m. to 7:00 p.m., and she denied that her ability to drive was impaired thereby.  She admitted that the Datamaster test indicated a BAC of .18%, but she disputed the accuracy of that test.  In addition, petitioner established that all criminal charges against her were dismissed.

It is well established that our review is limited to whether the determination to deny the request to amend and seal the SCR report is supported by substantial evidence in the record (*see Matter of Fechter v New York State Off. of Children & Family Servs.*, 107 AD3d 1583, 1584; *Matter of Mangus v Niagara County Dept. of Social Servs.*, 68 AD3d 1774, 1774, *lv denied* 15 NY3d 705).  Substantial evidence in the record is "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180).  Although hearsay evidence alone, if it is sufficiently reliable and probative, may constitute sufficient evidence to support a determination (*see Matter of Saporito v Carrion*, 66 AD3d 912, 912; *Matter of Hattie G. v Monroe County Dept. of Social Servs.*, 48 AD3d 1292, 1293), we note that, contrary to petitioner's further contention, the determination herein was not based solely on the hearsay contained in the SCR report.  Instead, after acknowledging that the criminal charges had been dismissed, the Hearing Officer based his determination on petitioner's admission that she had drunk three glasses of wine and that she knew that the Datamaster test results indicated a BAC of .18%, together with "the evidence in its entirety."  We therefore conclude that the determination is supported by substantial evidence (*see Fechter*, 107 AD3d at 1584; *cf. Hattie G.*, 48 AD3d at 1293).

Entered:  July 11, 2014                    Frances E. Cafarell
                                           Clerk of the Court