# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**931**

**TP 14-00070**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF KEVIN MARKMAN, PETITIONER,

             V                          MEMORANDUM AND ORDER

GLADYS CARRION, COMMISSIONER, NEW YORK STATE
OFFICE OF CHILDREN AND FAMILY SERVICES AND
KELLY A. REED, COMMISSIONER, MONROE COUNTY
DEPARTMENT OF HUMAN SERVICES, RESPONDENTS.

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF
COUNSEL), FOR PETITIONER.

MERIDETH H. SMITH, COUNTY ATTORNEY, ROCHESTER (PETER A. ESSLEY OF
COUNSEL), FOR RESPONDENT KELLY A. REED, COMMISSIONER, MONROE COUNTY
DEPARTMENT OF HUMAN SERVICES.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JULIE M. SHERIDAN OF
COUNSEL), FOR RESPONDENT GLADYS CARRION, COMMISSIONER, NEW YORK STATE
OFFICE OF CHILDREN AND FAMILY SERVICES.

---

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Monroe County [John J. Ark,
J.], entered January 9, 2014) to review a determination of the New
York State Office of Children and Family Services.  The determination
denied petitioner's application to amend the indicated report of
maltreatment to an unfounded report.

It is hereby ORDERED that the determination is unanimously
confirmed without costs and the petition is dismissed.

Memorandum:  Petitioner commenced this proceeding pursuant to
CPLR article 78 seeking to annul the determination, made after a fair
hearing, denying in part his request to amend an indicated report of
maltreatment with respect to two of his children to an unfounded
report, and to seal it (*see* Social Services Law § 422 [8] [a] [v]; [c]
[ii]).  We conclude that the determination is supported by substantial
evidence and therefore decline to disturb it (*see Matter of Arbogast v
New York State Off. of Children & Family Servs., Special Hearing Bur.*,
119 AD3d 1454, 1454-1455; *Matter of Parker v Carrion*, 90 AD3d 512,
512).  Where, as here, hearsay evidence is "sufficiently relevant and
probative," it may constitute substantial evidence (*People ex rel.
Vega v Smith*, 66 NY2d 130, 139; *see Matter of Bullock v State of N.Y.
Dept. of Social Servs.*, 248 AD2d 380, 382).  The Administrative Law

Judge credited the children's accounts of the incidents over petitioner's denials thereof, and we perceive no basis to disturb those credibility determinations (*see generally Matter of Berenhaus v Ward*, 70 NY2d 436, 443; *Matter of Scaccia v Martinez*, 9 AD3d 882, 883).