# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

519

TP 14-01876

PRESENT: CENTRA, J.P., SCONIERS, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF TYRONE PITTS, PETITIONER,

V                                          MEMORANDUM AND ORDER

NEW YORK STATE OFFICE OF CHILDREN AND FAMILY
SERVICES, RESPONDENT.

---

K. FELICIA PITTS-DAVIS, SYRACUSE, FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JULIE M. SHERIDAN OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Onondaga County [Hugh A. Gilbert, J.], entered October 8, 2014) to review a determination of respondent. The determination denied the request of petitioner to amend to "unfounded" two indicated reports of maltreatment with respect to his two stepsons, and to seal those amended reports.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding to review a determination, made after a fair hearing, denying his request to amend to "unfounded" two indicated reports of maltreatment with respect to his two stepsons, and to seal those amended reports (*see* Social Services Law § 422 [8] [a] [v]; [c] [ii]). "At an administrative expungement hearing, a report of child . . . maltreatment must be established by a fair preponderance of the evidence" (*Matter of Reynolds v New York State Off. of Children & Family Servs.*, 101 AD3d 1738, 1738 [internal quotation marks omitted]), and "[o]ur review . . . is limited to whether the determination was supported by substantial evidence in the record on the petitioner['s] application for expungement" (*Matter of Mangus v Niagara County Dept. of Social Servs.*, 68 AD3d 1774, 1774, *lv denied* 15 NY3d 705 [internal quotation marks omitted]; *see Matter of Hattie G. v Monroe County Dept. of Social Servs., Children's Servs. Unit*, 48 AD3d 1292, 1293). Here, we conclude that the hearsay evidence of maltreatment constituted substantial evidence supporting the determination (*see Matter of Markman v Carrion*, 120 AD3d 1580, 1581; *Matter of Arbogast v New York State Off. of Children & Family Servs., Special Hearing Bur.*, 119 AD3d 1454, 1454-1455). Although the testimony of petitioner and his wife conflicted with the evidence

presented by respondent, "it is not within this Court's discretion to weigh conflicting testimony or substitute its own judgment for that of the administrative finder of fact" (*Matter of Ribya BB. v Wing*, 243 AD2d 1013, 1014; *see Matter of Crandall v New York State Off. of Children & Family Servs., Special Hearings Bur.*, 104 AD3d 1199, 1199; *see generally Matter of Berenhaus v Ward*, 70 NY2d 436, 443).

Entered:  May 1, 2015                          Frances E. Cafarell
                                               Clerk of the Court