# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**36**
**TP 16-00819**
PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF DANIELLE STEAD, PETITIONER,

                V                          MEMORANDUM AND ORDER

LINDA JOYCE, DIRECTOR, NEW YORK STATE CENTRAL
REGISTER FOR CHILD ABUSE AND MALTREATMENT
REGISTER, AS PART OF DIVISION OF CHILD WELFARE
AND COMMUNITY SERVICES, AND SHEILA POOLE, ACTING
COMMISSIONER, NEW YORK STATE OFFICE OF CHILDREN
AND FAMILY SERVICES, RESPONDENTS.

---

MATTHEW A. ALBERT, BUFFALO, FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (WILLIAM E. STORRS OF COUNSEL), FOR RESPONDENTS.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Diane Y. Devlin, J.], entered May 6, 2016) to review a determination of respondents. The determination denied petitioner's request that an indicated report of maltreatment be amended to unfounded.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding to review a determination made after a fair hearing that, inter alia, denied her request to amend an indicated report of maltreatment to an unfounded report and to seal it (*see* Social Services Law § 422 [8] [a] [v]; [c] [ii]).

We reject petitioner's contention that the New York State Office of Children and Family Services (OCFS) failed to sustain its burden at the fair hearing of establishing that petitioner committed an act of maltreatment and that such maltreatment was relevant and reasonably related to childcare employment. "It is well established that our review is limited to whether the determination to deny the request to amend and seal the [indicated] report is supported by substantial evidence in the record" (*Matter of Kordasiewicz v Erie County Dept. of Social Servs.*, 119 AD3d 1425, 1426; *see Matter of Dawn M. v New York State Cent. Register of Child Abuse & Maltreatment*, 138 AD3d 1492, 1493; *Matter of Pitts v New York State Off. of Children & Family Servs.*, 128 AD3d 1394, 1395). Substantial evidence is " 'such

relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " (*Kordasiewicz*, 119 AD3d at 1426, quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180; *see Matter of Hattie G. v Monroe County Dept. of Social Servs., Children's Servs. Unit*, 48 AD3d 1292, 1293). "To establish maltreatment, the agency was required to show by a fair preponderance of the evidence that the physical, mental or emotional condition of the child had been impaired or was in imminent danger of becoming impaired because of a failure by petitioner to exercise a minimum degree of care in providing the child with appropriate supervision or guardianship" (*Matter of Gerald HH. v Carrion*, 130 AD3d 1174, 1175; *see* Social Services Law § 412 [2] [a]; Family Ct Act § 1012 [f] [i] [B]; 18 NYCRR 432.1 [b] [1] [ii]; *Matter of Brian M. v New York State Off. of Children & Family Servs.*, 98 AD3d 743, 743).

The evidence at the hearing established that petitioner took several children to eat lunch at a busy fast-food restaurant that had a play area, and that one of those children left the play area and remained out of petitioner's sight for several minutes. The evidence, including the video recording of the incident, establishes that petitioner was unaware that the child had wandered away until a restaurant employee returned the child to her. Thus, the Administrative Law Judge's "determination that [OCFS] established by a fair preponderance of the evidence at the fair hearing that petitioner maltreated the subject child[] and that such maltreatment was relevant and reasonably related to childcare employment is supported by substantial evidence" (*Dawn M.*, 138 AD3d at 1494; *see generally Matter of Cheryl Z. v Carrion*, 119 AD3d 1109, 1111; *Matter of Archer v Carrion*, 117 AD3d 733, 734-735; *Matter of Ojofeitimi v New York State Off. of Children & Family Servs.*, 89 AD3d 854, 855; *Matter of Bullock v State of N.Y. Dept. of Social Servs.*, 248 AD2d 380, 382).

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court