# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**248**

**TP 15-00796**

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF KHALID EMERSON, PETITIONER,

V                                                          MEMORANDUM AND ORDER

NEW YORK STATE OFFICE OF CHILDREN AND FAMILY
SERVICES, RESPONDENT.

---

DIANE CIURCZAK, BUFFALO, FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JOSEPH M. SPADOLA OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [John A. Michalek, J.], entered May 8, 2015) to review a determination of respondent. The determination denied the request of petitioner that an indicated report be amended to unfounded and sealed.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul respondent's determination, after a fair hearing, denying his request to amend to unfounded an indicated report of maltreatment. Respondent determined that a preponderance of the evidence supported the conclusion that petitioner abused and maltreated a child during an incident that took place in the course of petitioner's employment.

"[O]ur review is limited to whether the determination to deny the request to amend and seal the [indicated] report is supported by substantial evidence in the record" (*Matter of Dawn M. v New York State Cent. Register of Child Abuse & Maltreatment*, 138 AD3d 1492, 1493). Substantial evidence is " 'such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " (*Matter of Kordasiewicz v Erie County Dept. of Social Servs.*, 119 AD3d 1425, 1426). Here, contrary to petitioner's contention, we conclude that the evidence of maltreatment, including testimony that the subject child told a nurse and a child protective services caseworker that petitioner punched him and struck him with a shoe, testimony of a witness to that incident, and evidence that the child sustained scratches and redness consistent with such an event, constituted substantial evidence supporting the determination (*see*

*generally Matter of Garzon v New York State Off. of Children and Family Servs.*, 85 AD3d 1603, 1604; *Matter of Kenneth VV. v Wing*, 235 AD2d 1007, 1007-1008).  Contrary to petitioner's further contention, the existence of contrary evidence does not require a different result.  Where, as here, "conflicting versions of events create credibility issues, it is [respondent's] responsibility to resolve them, and that assessment will not be disturbed as long as it is supported by substantial evidence" (*Matter of Jeannette LL. v Johnson*, 2 AD3d 1261, 1263).  It " 'is not within this Court's discretion to weigh conflicting testimony or substitute its own judgment for that of the administrative finder of fact' " (*Matter of Pitts v New York State Off. of Children & Family Servs.*, 128 AD3d 1394, 1395; *see Matter of Ribya BB. v Wing*, 243 AD2d 1013, 1014).

Entered:  March 24, 2017                          Frances E. Cafarell
                                                  Clerk of the Court