Matter of Warren v New York State Cent. Register of Child Abuse & Maltreatment, Off. of Children & Family Servs. (2018 NY Slip Op 06361)





Matter of Warren v New York State Cent. Register of Child Abuse & Maltreatment, Off. of Children & Family Servs.


2018 NY Slip Op 06361


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, CURRAN, AND WINSLOW, JJ.


918 TP 18-00143

[*1]IN THE MATTER OF KRISTEN WARREN, PETITIONER,
v
NEW YORK STATE CENTRAL REGISTER OF CHILD ABUSE AND MALTREATMENT, OFFICE OF CHILDREN & FAMILY SERVICES, RESPONDENT. 






WILLIAM R. HITES, BUFFALO, FOR PETITIONER. 
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by an order of the Supreme Court, Erie County [Paul Wojtaszek, J.], entered January 19, 2018) to review a determination of respondent. The determination denied petitioner's request that an indicated report be amended to unfounded and sealed. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, made after a fair hearing, denying her request to amend to unfounded an indicated report of maltreatment with respect to children at petitioner's daycare center and to seal the amended report (see Social Services Law § 422 [8] [c] [ii]). "At an administrative expungement hearing, a report of child . . . maltreatment must be established by a fair preponderance of the evidence" (Matter of Reynolds v New York State Off. of Children & Family Servs., 101 AD3d 1738, 1738 [4th Dept 2012] [internal quotation marks omitted]), and "[o]ur review . . . is limited to whether the determination [is] supported by substantial evidence in the record on the petitioner['s] application for expungement" (Matter of Mangus v Niagara County Dept. of Social Servs., 68 AD3d 1774, 1774 [4th Dept 2009], lv denied 15 NY3d 705 [2010] [internal quotation marks omitted]; see Matter of Arbogast v New York State Off. of Children & Family Servs., Special Hearing Bur., 119 AD3d 1454, 1454 [4th Dept 2014]). Here, contrary to petitioner's contention, we conclude that the evidence of maltreatment, including testimony that petitioner left two infants and a toddler upstairs in her home without supervision while she took the older children in her care for a 25-minute walk around the cul-de-sac and thereafter remained outside with the older children for an additional 25 to 30 minutes while the three babies were inside the house without supervision, constitutes substantial evidence to support the determination (see Matter of Stead v Joyce, 147 AD3d 1317, 1318 [4th Dept 2017]; see generally Matter of Dawn M. v New York State Cent. Register of Child Abuse & Maltreatment, 138 AD3d 1492, 1493 [4th Dept 2016]). Although the testimony of petitioner that she asked a neighbor to listen to the baby monitor while she was away conflicted with the evidence presented by respondent, it "is not within this Court's discretion to weigh conflicting testimony or substitute its own judgment for that of the administrative finder of fact" (Matter of Ribya BB. v Wing, 243 AD2d 1013, 1014 [3d Dept 1997]; see Matter of Emerson v New York State Off. of Children & Family Servs., 148 AD3d 1627, 1628 [4th Dept 2017]).
We further conclude that substantial evidence supports the determination that petitioner's maltreatment of the children is "relevant and reasonably related" to her employment as a childcare provider (Matter of Velez v New York State Off. of Children, 157 AD3d 575, 576 [1st Dept 2018]). "Petitioner's refusal to take responsibility for [her] actions, acknowledge that [she] [*2]endangered the child[ren], or appreciate the seriousness of [her] conduct, demonstrated that [she] is likely to commit maltreatment again—a factor reasonably related to [her] potential employment in the childcare field" (id.).
Finally, even assuming, arguendo, that the delay between the commencement of the investigation into the allegations that petitioner maltreated children in her care and the date of respondent's determination violated the reporting requirements set forth in 18 NYCRR 432.2 (b) (3) (iv), we reject petitioner's contention that the expungement of petitioner's indicated record is an appropriate remedy for that procedural irregularity.
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court