Matter of Heavens v State of New York Off. of Children & Family Servs. (2019 NY Slip Op 04083)





Matter of Heavens v State of New York Off. of Children & Family Servs.


2019 NY Slip Op 04083


Decided on May 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2019

Gische, J.P., Kahn, Gesmer, Singh, Moulton, JJ.


9324 251184/14

[*1]In re Rose Heavens, Petitioner,
v
State of New York Office of Children and Family Services, Respondent.


Rose Heavens, petitioner pro se.
Letitia James, Attorney General, New York (David Lawrence III of counsel), for respondent.



Determination of respondent (OCFS), dated March 30, 2012, which denied pro se petitioner's request to annul the indicated report of child maltreatment maintained at the Statewide Register of Child Abuse and Maltreatment, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, Bronx County [Kenneth L. Thompson Jr., J.], entered January 11, 2016), dismissed, without costs.
Substantial evidence supports OCFS's determination that, as alleged in the maltreatment report, petitioner failed to provide adequate supervision to the four-year-old child who fell from a bathroom window at the daycare facility where she worked (see 18 NYCRR 432[b][1][ii]; see Matter of Stead v Joyce, 147 AD3d 1317, 1318 [4th Dept 2017]; Matter of Cheryl Z. v Carrion, 119 AD3d 1109, 1111 [3d Dept 2014]). Contrary to petitioner's contention, the evidence, including her own testimony at the administrative hearing, establishes that approximately an hour passed between the last time petitioner saw the child and the time at which the child was admitted to a nearby hospital, having been found unconscious on the ground outside the daycare facility.
Petitioner contends that she was deprived of a fair hearing because she did not receive OCFS's exhibits that would have allowed her to refute the allegations against her. However, petitioner declined the administrative law judge's offer of time to review the packet before the hearing. Accordingly, we find that petitioner waived the contention (see e.g. Matter of Javier R., 72 AD3d 1553 [4th Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2019
CLERK