Matter of Searles v Poole (2022 NY Slip Op 03603)

Matter of Searles v Poole

2022 NY Slip Op 03603

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

215.1 TP 21-01106

[*1]IN THE MATTER OF ANDREW SEARLES, PETITIONER,
v
SHEILA J. POOLE, INDIVIDUALLY AND IN HER CAPACITY AS COMMISSIONER OF NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES AND SHEILA MCBAIN, INDIVIDUALLY AND IN HER CAPACITY AS DIRECTOR OF STATE CENTRAL REGISTER, NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES, RESPONDENTS. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ERIN A. TRESMOND OF COUNSEL), FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATE H. NEPVEU OF COUNSEL), FOR RESPONDENTS. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Allegany County [Thomas P. Brown, A.J.], entered July 20, 2021) to review a determination of respondents. The determination denied the application of petitioner to amend and seal an indicated report. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding to annul a determination, made after a fair hearing, denying his request to amend to unfounded an indicated report of abuse and maltreatment with respect to his girlfriend's daughter and to seal that report. At an administrative expungement hearing, a report of child abuse and maltreatment "must be established by a fair preponderance of the evidence" (Matter of Reynolds v New York State Off. of Children & Family Servs., 101 AD3d 1738, 1738 [4th Dept 2012] [internal quotation marks omitted]), and "[o]ur review . . . is limited to whether the determination was supported by substantial evidence in the record on the petitioner['s] application for expungement" (Matter of Mangus v Niagara County Dept. of Social Servs., 68 AD3d 1774, 1774 [4th Dept 2009], lv denied 15 NY3d 705 [2010] [internal quotation marks omitted]; see generally Matter of Hattie G. v Monroe County Dept. of Social Servs., Children's Servs. Unit, 48 AD3d 1292, 1293 [4th Dept 2008]). Here, we conclude that, contrary to petitioner's contention, the hearsay evidence of abuse and maltreatment presented at the hearing—including testimony that the subject child told three separate individuals about the allegations forming the abuse and maltreatment—constituted substantial evidence supporting the determination (see generally Matter of Draman v New York State Off. of Children & Family Servs., 78 AD3d 1603, 1603-1604 [4th Dept 2010]; Hattie G., 48 AD3d at 1293). It "is not within this Court's discretion to . . . substitute its own judgment for that of the administrative finder of fact" (Matter of Pitts v New York State Off. of Children & Family Servs., 128 AD3d 1394, 1395 [4th Dept 2015] [internal quotation marks omitted]). We therefore confirm the determination and dismiss the petition.
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court